PIERCE, Chief Judge.
Appellant Alexander Rayner appeals to this Court from a judgment and sentence entered against him by the Pinellas County Circuit Court consequent upon a verdict of guilt after a jury trial upon two counts of robbery.
Rayner was charged in an information jointly with one McCall and one Campbell, but was tried separately. Three points for reversal are raised on this appeal, but none has substance.
The first point has to do with the sufficiency of the evidence to convict Ray-ner, but more properly it is contended that the trial Court committed error “in refusing to grant appellant’s motion for judgment of acquittal”. We have examined the entire record and the guilty verdict of the jury is amply justified by the evidence as a whole. Rayner suggests that the evidence did not sufficiently prove that he committed the robbery himself. Actual commission of the robbery by Rayner is not neces *75 sary as the proof was amply sufficient to establish the aiding, abetting or procuring the commission of the robbery by Rayner. This would sustain conviction of the substantive offense. Jacobs v. State, Fla.App.1966, 184 So.2d 711; State v. Roby, Fla.1971, 246 So.2d 566.
The second point raised is that the trial Court erred in permitting one Lula Hicks to testify as a State witness. She was the mother of Leon Hicks, one of the victims of the robbery. There was no error here. Considerable discretion is reposed in the trial Judge who has the witnesses before him, in allowing or disallowing testimony of the type sought to be adduced through Mrs. Hicks. The preliminary proffer of her testimony was first made in the absence of the jury, after which the Court permitted one area of her testimony and excluded another. It would serve no good purpose to delineate the areas involved. Suffice it to say it has not been demonstrated that reversible error was committed in the Court’s ruling.
The last point involves failure of the trial Court to instruct the jury on lesser included offenses to that of robbery. But the insurmountable difficulty to Ray-ner here is that he not only waived the giving of such instruction on lesser included offenses but actually requested the Court affirmatively not to give such instruction, and this after the giving or non-giving of such instruction had been freely discussed in the Courtroom and after he had conferred about the matter not only with his own counsel but also privately with his parents by permission of the Court (although the defendant himself was 23 years old). After Rayner had affirmatively indicated to the Court to not have such instructions given, the Court, in order to “nail it down” asked Rayner “You want to go for broke and send just two verdict forms back in the jury room?” and Ray-ner answered “Yes”. In this respect the instant case differs significantly from Brown v. State, Fla.App.1966, 191 So.2d 296. See also Boykin v. State, Fla.1971, 257 So.2d 251, for an interesting discussion by the Supreme Court of “trial tactics” and “trial psychology”, as it may be applicable to the instant situation.
No error being made to appear, the judgment appealed is—
Affirmed.
LILES and McNULTY, JJ., concur.