273 So.2d 759 (1973)
Alexander RAYNER, Petitioner,
v.
STATE of Florida, Respondent.
No. 42693.
Supreme Court of Florida.
February 7, 1973.
Rehearing Denied March 20, 1973.
Jack F. White, Jr., Clearwater, for petitioner.
Robert L. Shevin, Atty. Gen., Charles Corces, Jr., and P.A. Pacyna, Asst. Attys. Gen., for respondent.
McCAIN, Justice.
We granted certiorari in this cause to review an apparent conflict between the decision below in Rayner v. State, 264 So.2d 74 (Fla.App.2d 1972) and this Court's earlier decision in State v. Washington, 268 So.2d 901 (Fla. 1972). We have jurisdiction pursuant to Fla. Const., Article V (1971), § (3)(b), (3), F.S.A.
In the course of his trial on robbery charges, defendant in the instant case affirmatively requested the trial court not to give instructions on lesser included offenses. The trial court determined that the request was proper, and no instructions were given. The jury thereupon convicted defendant of robbery. On appeal, and over defendant's assertion that it was error for the trial court to fail to instruct on lesser included offenses, the Second District Court of Appeal affirmed, holding in essence that it was permissible for a defendant to affirmatively waive the giving of such instructions.
In State v. Washington, supra, defendant objected to the giving of instructions on lesser included offenses. Nevertheless, the trial court gave the instructions. The First District Court of Appeal reversed the conviction on the theory that a defendant should have the option of standing or falling on the actual charges against him. *760 This Court disagreed, and in quashing the decision below, said in part:
"The rule established by the District Court comports with logic and fairness. By not objecting to a lesser included offense instruction, a defendant would waive any contention that he was not given notice that the jury could convict him for lesser included offenses. When he did object, the State would be forced to have its case stand or fall on whether the jury found the defendant guilty of the crimes charged in the indictment or information. However, although it may have set forth the better rule, the District Court's holding is not permitted under F.S. Section 919.16, F.S.A. [now superseded by Rule 3.150, CPR, which is virtually identical] and our interpretation of that statute in Brown v. State, supra.
"The statute provides:
"`Upon an indictment or information for any offense the jurors may convict the defendant of an attempt to commit such offense, if such attempt is an offense, or convict him of any offense which is necessarily included in the offense charged. The court shall charge the jury in this regard.' (Emphasis supplied)
"In Brown we held the `shall' mandatory, saying, `a trial judge is required to instruct on necessarily included offenses because the law, particularly § 919.16, requires it.' Brown v. State, supra, at 382. The trial judge in the instant case, therefore, properly instructed the jury as to lesser included offenses necessarily included in the crime of rape, and the jury acted within its province in returning a verdict of guilty of a lesser included offense."
Thus, it is apparent that the two cases collide in principle. After careful consideration of the arguments of the parties, we adhere to our decision in State v. Washington, supra, and quash the decision of the District Court to the extent it conflicts with the Washington rationale. However, because it appears that there may be other grounds on the basis of which the conviction could be sustained,[1] the cause is remanded to the District Court of Appeal, Second District, for further proceedings consistent with this opinion.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN and DEKLE, JJ., concur.
NOTES
[1] Specifically, the District Court may wish to consider the applicability of Fla. Stat. § 918.10(4), F.S.A., and/or F.A.R. 6.7 (g), 32 F.S.A., both relating to the necessity of objections at the trial level before errors may be asserted on appeal. In this regard, we note that Fla. Stat. § 918.10(4), F.S.A., was repealed by Chapter 70-339, Laws of Florida, which took effect some months after defendant's robbery conviction.