285 So.2d 13 (1973)
Johnnie Carl WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 43729.
Supreme Court of Florida.
October 3, 1973.
Rehearing Denied December 5, 1973.
*14 Basil E. Dalack, Sp. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
McCAIN, Justice.
This forceable rape cause is before us on direct appeal from a final judgment of the Circuit Court of Dade County wherein the trial court passed upon the validity of a state statute. We have jurisdiction. Fla. Const. Art. V, § 3(b)(1) F.S.A.
The salient facts establish that on the evening in question, the victim and a girl friend went to the Climax Bar (a name not without wholesome discretion). Upon arriving, they found the bar to be crowded, and, at the invitation of the defendant, the two girls shared a table with him. At about 1:00 a.m., the victim left the bar to visit with her boyfriend and returned about an hour or an hour and a half later. At the request of the victim's friend, the two girls and the defendant drove in the victim's car to an eating establishment. After eating, all three drove back to the bar and upon arriving, the victim indicated that she desired to go home. At the request of the girl friend, the victim agreed to drive the defendant home after driving past the girl friend's house. The defendant and the girl friend had agreed to go out the next night and the defendant had requested that he be driven by her house so that he would know where she lived. Upon arriving at the girl friend's house, both girls immediately proceeded to drive the defendant home. At some point during the drive, the defendant told the victim to stop and she did. The defendant then pulled the girl friend out of the car, got back in and told the victim to "get out of here". At this point, the victim began screaming, whereupon the defendant began hitting her until she stopped. The defendant secured the driver's seat and proceeded to a vacant field where he stopped the car, ordered the victim to remove her clothing and proceeded to have sexual intercourse with her. The defendant then drove around for five to ten minutes, took some money from the *15 victim and exited. At this point the victim picked up her friend and reported the incident to the police, claiming that under the aforesaid circumstances she was in fear for her life.
The defendant was indicted and convicted of forceable rape.
Prior to trial, defendant moved to dismiss the indictment asserting that the statutes under which the grand jury was selected and the manner in which it was selected violated the provisions of the Fourteenth Amendment of the Constitution of the United States. The motion to dismiss was denied by the trial judge, which the defendant contends was error.
Defendant argues that he was denied due process of the law in two respects: (1) by the exclusion of attorneys from the grand jury pursuant to Chapter 57-550, Laws of Florida, which renders the selection process unconstitutional because it excludes a large, identifiable segment of the community from grand jury service; and, (2) by the grand jury being constitutionally infirm because the master list from which the jurors are drawn is the product of the subjective choices of the Grand Jury Commissioners. We find both assertions to be without merit.
It is clear that a class of citizens may be singled out for different treatment concerning jury duty as long as the classification is based upon some reasonable basis for excluding that particular class of citizens.[1] The reasonableness of the exclusion of lawyers from jury duty needs little comment. Such a classification has been recognized as reasonable as early as 1906. In Rawlins v. State, 201 U.S. 638, 640, 26 S.Ct. 560, 561, 60 L.Ed. 899, 900 (1906), the Supreme Court of the United States held as follows:
"The exemption of lawyers ... is of old standing, and not uncommon in the United States."
The defendant's second point also needs little comment. He is concerned that the manner in which the grand jury is selected might result in the selection of jurors based upon the bias of the individual commissioners who propose prospective jurors. The defendant, however, cites cases which have held grand jury selection procedures unconstitutional because of actual bias in the selection of jurors or where the circumstances of selection of jurors create the appearance of bias. In State v. Silva, 259 So.2d 153 (Fla. 1972), we considered the constitutionality of a statute utilizing a jury selection procedure similar to that used in the selection of the one under review. In upholding the constitutionality of the statute, we quoted, with approval, from Carter v. Jury Commission of Greene County, 396 U.S. 320, 90 S.Ct. 518, 24 L.Ed.2d 549 (1970), as follows:
"`We do not think there is anything in this provision of the statute having the effect to deny rights secured by the Federal Constitution... There is nothing in the statute which discriminates against individuals on account of race or color or previous condition, or which subjects such persons to any other or different treatment than other electors who may be qualified to serve as jurors. The statute simply provides for an exercise of judgment in attempting to secure competent jurors of proper qualifications.'" 259 So.2d at 163.
The next assignment of error concerns the defendant's attempt, at trial to impeach the testimony of the victim by showing inconsistencies between her testimony on the stand and a prior statement made to the police a short time after commission of the offense. For this purpose, the defendant moved to be allowed to examine the statement and to cross-examine the victim as to its contents. The State, while agreeing to allow the defendant to present the entire statement into evidence, contended that the defendant had no right *16 to the statement. After the trial judge had read the statement, he denied the defendant's motion.
The State argues, and we agree, that the statement sought by the defendant was available to the defendant as a public record and, because the defendant made no reasonable effort to procure the statement from the police, no reversible error was committed. In Mahone v. State, 222 So.2d 769, 772 (Fla.App. 1969), the Third District Court of Appeal stated, in pertinent part:
"Point three asserts that the appellant was entitled to receive the arrest report of the arresting officer, the police record, and the FBI record upon his pre-trial motion for discovery. The transcript shows that appellant's motion for discovery was granted in part. It has been held that the items mentioned in the argument under this point are public records and that an appellant may not claim error in the absence of a showing that he made a reasonable effort and was unable to procure the records."
In Scott v. State, 207 So.2d 493 (Fla.App., 1968), the defendant alleged error, just as here, in the prosecution denying use of police reports containing statements from one of the State's witnesses which could have been used for impeachment purposes. The Second District Court of Appeal held as follows:
"The withholding of production to defense counsel of the police report has been settled adversely to defendant in several cases... ." 207 So.2d at 498.
Furthermore, the record fails to demonstrate any materiality concerning the alleged inconsistent statements. See Mahone, supra.
Based upon these authorities, we conclude that the trial court did not commit error in refusing to grant defendant's motion to examine the statement of the victim.
Defendant's final thrust concerns the trial court's failure to instruct the jury on lesser included offenses. The trial judge had begun to charge the jury on lesser included offenses when defendant's own counsel objected to the giving of such instructions. On the basis of this objection, the trial court restricted his charge to the offense of rape. Defendant now contends that it was error for the trial court to fail to instruct the jury on the lesser included offenses of rape, essentially relying upon State v. Washington, 268 So.2d 901 (Fla. 1972).
In Washington, the defendant objected to the giving of instructions on lesser included offenses. Nevertheless, the trial judge gave the instructions. The First District Court of Appeal reversed on the ground that a defendant should have the option of standing or falling on the actual charges against him. We disagreed, holding that under Fla. Stat. § 919.16 F.S.A., the requirement that the court "shall charge the jury..." was mandatory and therefore the trial judge had properly instructed the jury on lesser included offenses.
Subsequent to Washington, we then decided Rayner v. State, 273 So.2d 759 (Fla. 1973). In Rayner the defendant requested the trial judge to not give instructions on lesser included offenses, and there the trial judge determined that the request was proper and instructed the jury only on the offense charged. On appeal to the Second District Court of Appeal, the defendant asserted that it was error to not instruct on lesser included offenses. The District Court affirmed, holding in essence that it was permissible for a defendant to affirmatively waive the giving of such instructions. Upon our review, we found conflict with State v. Washington, supra, and *17 adhered to our decision in Washington. We concluded, however, as follows:
"[B]ecause it appears that there may be other grounds on the basis of which the conviction could be sustained,[1] the cause is remanded to the District Court of Appeal, Second District, for further proceedings consistent with this opinion.
"[1] Specifically, the District Court may wish to consider the applicability of Fla. Stat. § 918.10(4), F.S.A., and/or F.A.R. 6.7(g), 32 F.S.A., both relating to the necessity of objections at the trial level before errors may be asserted on appeal. In this regard, we note that Fla. Stat. § 918.10(4), F.S.A., was repealed by Chapter 70-339, Laws of Florida, which took effect some months after defendant's robbery conviction." 273 So.2d at 760.
Fla. Stat. § 918.10(4) provided:
"No party may assign as error or grounds of appeal, the giving or failure to give an instruction, unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects, and the grounds of his objection."
The Legislature, in Chapter 70-339, Laws of Florida, repealed Fla. Stat. § 918.10(4) F.S.A., and provided that the section was now covered by Fla.App. Rule 6.7g, 32 F.S.A., which, while eliminating the requirement of a formal exception in order to assign error, does not eliminate the requirement that a party's objection be made known to the trial court. It was on this basis that we remanded Rayner for further proceedings.
While we still adhere to our decision in Washington, nevertheless, because of the failure of the defendant sub judice to meet the requirements of Fla.App. Rule 6.7g, 32 F.S.A., we conclude that he has no standing to raise the failure of the trial judge to instruct on lesser included offenses.
Having given the judgment under review the introspection of dissection, we fail to find reversible error and accordingly affirm the same.
It is so ordered.
CARLTON, C.J., and ROBERTS, ADKINS, BOYD and DEKLE, JJ., concur.
ERVIN, J., concurs specially with opinion.
ERVIN, Justice (specially concurring):
I concur in the opinion and judgment of the majority, but with some reservations. While I agree that the exclusion of lawyers from grand jury service is reasonable and does not render the grand jury selection process unconstitutional, I am concerned about the manner in which the Dade County grand jurors are selected. I believe it would be better if Dade County used electronic data processing equipment to insure a random jury selection. If it did, it would tend to eliminate contentions that jurors were selected on an invidious subjective basis.
Mr. Justice Adkins, speaking for the majority in State v. Silva, 259 So.2d 153 (Fla. 1972), at 160, 161, recommended the use of electronic data processing equipment. Several other counties of lesser population are presently using such equipment with apparent success. See Report of Judicial Council of Florida, (17th Report, 1972), p. 32. The use of properly programmed electronic data processing equipment would go a long way to insure the elimination of any suspicion of subjective bias in selecting veniremen. Criteria for determining suitability for jury service could be reduced to the simplest and most basic factors (e.g., lawyer or nonlawyer; over or under eighteen years of age), thereby eliminating the scepticism which attends a personal selection of jurors by individual grand jury commissioners charged with selecting citizens of "approved integrity, good character, sound judgment and intelligence" under Section F.S. 40.01(3), F.S.A.
I would not have agreed to the majority opinion if a reasonable probability had been demonstrated by the evidence that the individual grand jury commissioners had by their personal selections of jurors "created the appearance of bias."0.
NOTES
[1] Hernandez v. Texas, 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866 (1954).