284 So.2d 700 (1973)
Frankie Lee CLEMENTS, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-333.
District Court of Appeal of Florida, Third District.
October 24, 1973.
*701 Phillip A. Hubbart, Public Defender and Steven Rappaport, Asst. Public Defender, for appellant.
Robert Shevin, Atty. Gen., for appellee.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
PER CURIAM.
Appellant, defendant in the trial court, seeks review of a judgment and sentence of life imprisonment for first degree murder.
Appellant was found guilty by a jury for the murder of an employee at a U-Totem Store, which occurred during a robbery of the store on November 23, 1971. At the charge conference, prior to instruction of the jury, defendant expressly waived the charging of lesser included offenses to the jury. The state accepted the waiver, and the court accordingly only charged the jury on a first degree murder or not guilty verdict.
Appellant now challenges the court's failure to charge the jury of necessarily included lesser offenses of first degree murder because of the mandatory language of Fla.CrRP 3.510, 33 F.S.A.
We agree with appellant's contention that the language of the rule is mandatory. Brown v. State, Fla. 1968, 206 So.2d 377, 382; State v. Washington, Fla. 1972, 268 So.2d 901; Rayner v. State, Fla. 1973, 273 So.2d 759. However we cannot see where the court's failure to adhere to the rule calls for reversal, when defendant not only failed to object, but actually invited the error when, apparently for trial strategy reasons, he decided to waive the giving of the lesser included offenses charge.
Recently, this court on facts closely analogous to the instant case followed a long line of cases holding that a request for an instruction or an objection to a failure to give an instruction is a requirement to raising error on appeal, and we followed Florida Appellate Rule 6.7(g), 32 F.S.A. Alford v. State, Fla.App. 1973, 280 So.2d 479; see also, Black v. State, Fla.App. 1973, 279 So.2d 909.
Therefore, we have concluded that no reversible error has been demonstrated, and for the reasons stated, the judgment and sentence appealed is affirmed.
Affirmed.