286 So.2d 604 (1973)
Alexander RAYNER, Appellant,
v.
STATE of Florida, Appellee.
No. 70-347.
District Court of Appeal of Florida, Second District.
December 7, 1973.
*605 Jack F. White, Jr., Clearwater, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
The prior opinion of this court affirming the judgment of the lower court, reported in 264 So.2d 74, was quashed by the Supreme Court in 273 So.2d 759.
In the lower court Rayner requested the trial judge not to give instructions on lesser included offenses, and the trial judge complied with his request. On appeal this court affirmed the judgment. In quashing our decision the Supreme Court adhered to its decision in State v. Washington, Fla. 1972, 268 So.2d 901, and held that under F.S. § 919.16 F.S.A. [now superseded by Rule 3.150 RCrP, 33 F.S.A.] the requirement that the court "shall charge the jury" was mandatory.
In remanding the cause to us the Supreme Court said:
"[B]ecause it appears that there may be other grounds on the basis of which the conviction could be sustained,[1] the cause is remanded to the District Court of Appeal, Second District, for further proceedings consistent with this opinion."
"[1] Specifically, the District Court may wish to consider the applicability of Fla. Stat. § 918.10(4) and/or F.A.R. 6.7(g), both relating to the necessity of objections at the trial level before errors may be asserted on appeal. In this regard, we note that Fla. Stat. § 918.10(4) was repealed by Chapter 70-339, Laws of Florida, which took effect some months after defendant's robbery conviction."
F.S. Section 918.10(4) F.S.A., which was in effect when Rayner was tried and convicted, provided:
"No party may assign as error or grounds of appeal the giving or failure to give an instruction unless he objects thereto before the jury retires to consider its verdict stating distinctly the matter to which he objects, and the grounds of his objection."
Rayner failed to meet the requirements of F.S. § 918.10(4) F.S.A. and Rule 6.7(g) F.A.R., 32 F.S.A., and therefore has no standing to raise the trial court's failure to instruct the jury on lesser included offenses. See Williams v. State, Fla. 1973, 285 So.2d 13.
The judgment appealed is
Affirmed.
MANN, C.J., and McNULTY and GRIMES, JJ., concur.