ON REHEARING GRANTED
PER CURIAM.
Upon an indictment charging the appellant with murder in the first degree he was tried before a jury and found guilty, was so adjudged by the court and sentenced to imprisonment for life. This appeal ensued.
It is disclosed by the record that although the trial court charged the jury on the several degrees of homicide and the lesser included offenses, at the request of the defendant the court by a further charge submitted the cause to the jury as being one that presented only one question — that of whether or not the defendant was guilty of murder in the first degree. Based on appellant’s contention that thereby the trial court committed reversible error, this court, by an opinion and judgment filed March 26, 1974, reversed' the judgment and remanded the cause for new trial, citing as authority therefor Rayner v. State, Fla.1973, 273 So.2d 759; State *596 v. Washington, Fla.1972, 268 So.2d 901; Brown v. State, Fla.1968, 206 So.2d 377.
By a timely petition for rehearing filed by the state, our attention was called to the fact that because it appeared the defendant had not objected to the charge of the court which on appeal is claimed to have constituted reversible error, our judgment filed March 26, 1974, is in conflict with Rayner v. State, supra, and the decision in that case on remand, Rayner v. State, Fla.App. 1973, 286 So.2d 604, and with the decision of this court in Clements v. State, Fla.App. 1973, 284 So.2d 700, under which authorities a defendant who has not, as required by Rule 6.7(g) FAR, 32 F.S.A., objected to a ruling or charge of the court, lacks standing to seek reversal on the basis thereof. Upon remand of the Rayner case, the second district affirmed, on that ground.
In Clements v. State, supra, upon a trial for murder in the first degree, in which the defendant waived charging the jury on the lesser degrees and included offenses the court did not charge the jury thereon. On appeal by the defendant, his contention of error for failure of the court to have charged on the lesser degrees and included offenses was rejected on the ground of absence of objection by him at trial, and the judgment of conviction was affirmed.
The above mentioned rule, announced in Rayner by footnote in the Supreme Court and applied in the second district court of appeal, and by this court in Clements, is controlling on the question involved here, prompting affirmance of the judgment in this case. On reconsideration of this appeal, upon granting the state’s petition for rehearing, it is hereby ordered that our opinion and judgment filed March 26, 1974, is withdrawn and this opinion and judgment of affirmance is substituted.
The judgment is affirmed.