PER CURIAM.
Appellant was convicted in the trial court of the crime of attempted robbery of a service station attendant and sentenced to four years in the state penitentiary.
The trial was held before a jury upon an information filed by the state charging the appellant with robbery.
As his first point on appeal, the appellant contends that the trial court should have granted him a judgment of acquittal. Our review of record discloses no error in submitting this case to the jury for a determination of the appellant’s guilt or innocence.
Next, appellant enumerates a series of seven “improprieties” which he contends if taken together served to deny him a fair trial.
In our view, several of these alleged improprieties (i. e., an alleged tainted in-court identification and the alleged admission of hearsay testimony) were not at all improper. And, the remaining errors allegedly committed in no way constituted reversible error.
Appellant concedes he is constitutionally entitled to a fair trial, not a perfect one. See, Simpson v. State, Fla.App. 1968, 211 So.2d 862, 867. The record before us demonstrates that both the trial judge and the prosecuting and defense attorneys conscientiously endeavored to insure that the appellant received a fair trial.
Lastly, appellant contends that he was deprived of due process of law because the court instructed the jury with respect to attempted robbery (the crime for which the jury ultimately found the appellant guilty), when the information only charged him with robbery.
However, the record clearly demonstrates that the appellant does not have standing to object in the appellate court to the instruction.
Not only did the appellant fail to object in the trial court to the charge of attempted robbery, he requested the court to give the instruction. See, Williams v. State, Fla.1973, 285 So.2d 13; Clements v. State, Fla.App. 1973, 284 So.2d 700; Bradley v. State, Fla.App. 1974, 296 So.2d 595.
Also, even if the appellant had not requested the instruction, the court is man-datorily required to instruct the jury with respect to an attempted offense. See, CrPR 3.510 (F.S.A., 1973 Revision); Rayner v. State, Fla.1973, 273 So.2d 759; Henry v. State, Fla.App.1973, 277 So.2d 78.
Therefore, for the reasons stated and upon the authorities cited, the judgment and sentence appealed are affirmed.
Affirmed.