319 So.2d 47 (1975)
Joe GLOW, Appellant,
v.
STATE of Florida, Appellee.
No. 74-1353.
District Court of Appeal of Florida, Second District.
September 3, 1975.
*48 James A. Gardner, Public Defender, Sarasota, and Douglas A. Wallace, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
Appellant, Joe Glow, was charged in a two-count information with (1) robbery, and (2) using a firearm in the commission of a felony. He issued a subpoena duces tecum requiring the sheriff, or his authorized custodian, to appear, give oral deposition and produce any and all police reports made in connection with the investigation of the charges. The custodian appeared and was willing to disclose the reports; but, upon advice of the assistant state attorney, did not do so.
Appellant then filed a motion seeking to compel disclosure of the reports and a motion for order to show cause for failure to comply with the subpoena duces tecum. At a hearing the motion to compel was granted, conditioned on the state's right to apply for an in camera inspection if the reports contained sensitive, or otherwise privileged matters. The motion for a show cause order was denied on the ground that the custodian had appeared to disclose the reports and only refused on instructions from the state.
The state moved for an in camera inspection, on the basis of the judicially recognized concept of confidentiality of police reports. At the same time the state agreed to supply those portions of the reports which constituted substantially verbatim statements of witnesses for the state. Subsequently, a hearing was held on the state's motion for an in camera inspection and the court entered its order requiring the police reports to be made available to appellant only upon a showing that they were relevant or critical to his defense, or that they tend to exculpate him. Defense counsel announced to the court that he could not make such a showing. Appellant then changed his plea to nolo contendere, reserving his right to appeal the court's ruling, and stipulated that the state could prove a prima facie case. This appeal ensued.
Appellant has raised several points for our consideration which have been consolidated into two arguments. The first is whether police reports constitute public records under Florida Statutes, Section 119.01.
Appellant relies on the case of Williams v. State, Fla. 1973, 285 So.2d 13, and contends that the Supreme Court held police reports to be public records; and, therefore, appellant submits, would be available to public inspection. However, we are unable to adopt appellant's broad interpretation of the holding in Williams, supra. The document referred to as a public record in that case was not a police report, as such, but a statement of the victim which had been given to the police.
This court in a recent opinion in the case of Wisher v. News-Press Publishing Co., Fla.App.2d, 1975, 310 So.2d 345, held:
It has always been held that right of inspection does not extend to all public records or documents, because public policy requires that some of them be treated as confidential. See 66 Am.Jur.2d, Records and Recording Laws, § 27. In Lee *49 v. Beach Pub. Co., 1937, 127 Fla. 600, 173 So. 440, our Supreme Court said:
"The appellant contends that there are certain records in the police department of a city which must be kept secret and free from common inspection as a matter of public policy. This is true. The rule as stated in 23 R.C.L. 161, is as follows:
`The right of inspection does not extend to all public records or documents, for public policy demands that some of them, although of a public nature, must be kept secret and free from common inspection, such for example as diplomatic correspondence and letters and despatches (sic) in the detective police service or otherwise relating to the apprehension and prosecution of criminals.'"
The Supreme Court of Florida also recognized in State v. Johnson, Fla. 1973, 284 So.2d 198, that police reports would not be made readily available to the public when it found:
We must also bear in mind that police reports and documents often include leads to other cases and other suspects. This information must be protected in order to afford fair pursuit of such involvement by others and the solution of other offenses. These important objectives can be destroyed or defeated if police reports are made so readily available; the police would understandably be hesitant to enter freely in reports what might be of help later on if they were not generally protected.
If police reports are held to be public records, there would be nothing to prevent the local representatives of the Mafia from making weekly visits to the police station in order to stay abreast of current efforts being made to investigate and thwart crime. Due to the great public interest in protecting and safeguarding the confidentiality of the police reports, the trial court was correct in holding that such reports were not open to public inspection.
Insofar as the appellant claims that he was entitled to the police report on a theory of pretrial discovery, we think this contention is adequately disposed of by our opinion in State v. Gillespie, Fla.App.2d 1969, 227 So.2d 550. The prosecution is obliged to supply the appellant with any exculpatory or favorable evidence pursuant to Brady v. Maryland, 1963, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215, but in the absence of facts or circumstances from which it may be inferred that such evidence is likely to exist, the court is not required to conduct an in camera inspection for the purpose of determining whether any portion of the police report should be made available to the appellant. Cf. State v. Johnson, supra.
Affirmed.
McNULTY, C.J., and GRIMES, J., concur.