324 So.2d 115 (1975)
Shelly WHITE, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-616.
District Court of Appeal of Florida, Third District.
December 9, 1975.
Rehearing Denied January 20, 1976.
Phillip A. Hubbart, Public Defender, Mark King Leban, Asst. Public Defender, and Samuel I. Burstyn, Legal Intern, for appellant.
Robert L. Shevin, Atty. Gen., Margarita Esquiroz, Asst. Atty. Gen., and Charles L. Hauch, Legal Intern, for appellee.
Before PEARSON and NATHAN, JJ., and CHARLES A. CARROLL (Ret.), Associate Judge.
PER CURIAM.
Appealing from his conviction of attempted auto theft (§§ 814.03(1) and 776.04 Fla. Stat., F.S.A.), the appellant argues insufficiency of the evidence of intent to permanently deprive the owner of the property involved. Further, appellant contends the court erred by denying his requested instruction relating to such intent.
We find no reversible error is disclosed, and affirm. There was competent, substantial evidence to support the judgment, giving due effect to the quantum of proof involved.
Regarding the point as to the denied jury charge, the record fails to show, in the conference on jury charges or elsewhere, any timely objection by the defendant to the refusal of the court to give such requested charge, or any objection in that connection to the charges given by the court. Thereby, under Rule 3.390(d) RCrP, the contention on appeal of error for refusal to give such requested charge *116 is not presentable here. Rayner v. State, Fla.App. 1973, 286 So.2d 604; Miller v. State, Fla.App. 1958, 102 So.2d 737.
Moreover the record reveals that the jury charges given by the court included and adequately covered that element of intent. Refusal to give a requested charge when it is covered by charges given has been held not to constitute error in decisions too numerous to justify citation. Since the court here charged on the intent element of the offense, we need not express an opinion on whether the absence of any charge on that element of intent would constitute fundamental error, or review the decisions in which that question has been discussed.
Affirmed.