PER CURIAM.
The appellant was charged and convicted of robbery. He contends in this appeal that the trial court committed reversible error in refusing to instruct the jury on attempted robbery, as a lesser included offense of robbery. We find merit in appellant’s contention and reverse.
Fla.R.Crim.P. 3.510 provides:
“Upon an indictment or information upon which the defendant is to be tried for any offense the jurors may convict the defendant of an attempt to commit such offense if such attempt is an offense, or may convict him of any offense which is necessarily included in the offense charged. The court shall charge the jury in this regard.
See State v. Terry, 336 So.2d 65 (Fla.1976); Brown v. State, 206 So.2d 377 (Fla.1963); Lightfoot v. State, 331 So.2d 388 (Fla.2d DCA 1976); Porter v. State, 301 So.2d 808 (Fla.3d DCA 1974); Hood v. State, 287 So.2d 110 (Fla.4th DCA 1973); Miles v. State, 258 So.2d 333 (Fla.3d DCA 1972).
Reversed and remanded for new trial.