# IN RE: PUBLIC RECORDS

## Case No. 85-1757CA

Sixth Judicial Circuit, Pasco County

July 19, 1985

### APPEARANCES OF COUNSEL

**Norman Palumbo** for Sheriff of Pasco County.

**Gregg D. Thomas, Holland & Knight,** for The Tribune Company.

**Gerald Rutberg** for Miller and Jent.

**Terrence Y. Ackert** for Bradshaw.

**C. Marie King,** Assistant State Attorney.

**Phil Van Allen,** Office of the State Attorney.

**Steve Malone** for Volunteer Lawyers Resource Center, Inc.

**Davis G. Anderson, Jr.,** Assistant Attorney General.

**George K. Rahdert** for the Times Publishing Company and Mary Jo Melone.

### OPINION OF THE COURT

WAYNE L. COBB, Circuit Judge.

This is an action for declaratory relief filed by the Sheriff of Pasco County, Florida. The Sheriff prays this Court to construe Chapter 119,

Florida Statutes, and determine what parts, if any, of the Sheriff's investigative file relating to the murder prosecutions of Earnest Lee Miller and William Riley Jent should be released to the public. Respondents are: Volunteer Lawyers. Resource Center, Inc., who represent Miller and Jent in collateral proceedings; Miller and Jent; Times Publishing Company, publisher of the St. Petersburg Times newspaper; and Mary Jo Melone, a reporter for that newspaper; The Tribune Company, publishers of The Tampa Tribune newspaper; and Tommy Bradshaw and Ruby (Bradshaw) Vaughn, who believe they may be the next of kin of the victim. James T. Russell, State Attorney for the Sixth Judicial Circuit, was also permitted to intervene.

In the case of *Lee v. Beach Pub. Co.*, 173 So. 440 (Fla. 1937), the Florida Supreme Court established an exemption from a right of public inspection for "letters and despatches (sic) in the detective police service or otherwise relating to the apprehension and prosecution of criminals." (at 442) That exemption was consistently construed to exempt police criminal files from public disclosure (except for discovery purposes as required by *Brady v. Maryland*, 1963, 373 U.S. 83, 83 So.Ct. 1194, 10 L.Ed. 2d 215) until 1975. See *Glow v. State*, 319 So.2d 47 (Fla. 2d DCA 1975).

In 1975, the Florida Legislature began a process of legislatively defining and refining the common law exemption of police criminal files from public disclosure. During that process the Legislature has narrowed that exemption or broadened the right to disclosure. (See *Tribune Co. v. Canella*, 438 So.2d 516 (Fla. 2d DCA 1983) rev'd. 458 So.2d 1075 (Fla. 1984); *Wolfson v. State*, 344 So.2d 611 (Fla. 2d DCA 1977)).

Section 119.07, Florida Statutes now limits the police criminal file exemption to: active criminal intelligence information and active criminal investigative information (Section 119.07(3)(d) Florida Statutes), any information revealing the identity of a confidential informant or a confidential source (Section 119.07(3)(e) Florida Statutes); any information revealing surveillance techniques or procedures or personnel (Section 119.07(3)(f) Florida Statutes); any information revealing undercover personnel of any criminal justice agency (Section 119.07(3)(g) Florida Statutes); any criminal intelligence information or criminal investigative information including the photograph, name, address, or other fact or information which reveals the identity of the victim of any sexual battery as defined by Chapter 794 or child abuse as defined by Chapter 827 (Section 119.07(3)(h) Florida Statutes); any criminal intelligence information or criminal investigative information which reveals the personal assets of a victim of a crime, other than property

stolen or destroyed during the commission of the crime (Section 119.07(3)(i) Florida Statutes); all criminal intelligence and criminal investigative information received by a criminal justice agency prior to January 25, 1979, (Section 119.07(3)(j) Florida Statutes); any information revealing the substance of a confession of a person arrested until such time as the criminal case is finally determined by adjudication, dismissal, or other disposition (Section 119.07(3)(m) Florida Statutes).

Section 119.011(3)(d)(2), Florida Statutes, defines "active" as used in paragraph (d) of Section 119.07(3) as meaning "while such information is directly related to pending prosecutions or appeals."

Furthermore, Section 119.07(4) provides for disclosure of otherwise exempt records which are made part of a court file and not specifically closed by order of court except for exemptions provided in paragraphs (e), (f), (g), and (m) of Section 119.07(3).

However, Section 119.07(6) provides that the requirements for public disclosure contained in Section 119.07, are not intended to either expand or limit the provisions of Florida Rules of Criminal Procedure regarding discovery in a criminal prosecution.

Messrs. Jent and Miller have been previously convicted by separate juries of murder in the first degree and each sentenced to death. Each has also had his judgment of guilt and sentence of death affirmed on automatic appeal to the Florida Supreme Court as required by Section 921.141(4), Florida Statutes. The most fervent argument by the intervenor/respondents in this action is that there is no longer any "active" investigation ongoing in these cases because the right of "appeal" of these two defendants has been exhausted. They argue that further review will not be "appeals" but will be petitions for certiorari, habeaus corpus, error coram nobis, or actions for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure, or for some other collatoral review of the judgment and sentence. Although the intervenor/respondents recognize that the word "appeal" is sometimes used to mean any form of judicial review, they argue that the legislative use of the word "appeal" to define "active" as used in Section 119.07(3)(d), Florida Statutes, should be read to mean the technical, direct appeal provided for in Section 921.141(4). Therefore, they argue, that direct appeal has been completed and the investigation is no longer "active".

However, this Court must be guided by the legislative intent in construing this statute. *Satz v. Blankenship*, 407 So.2d 396 (Fla. 4th DCA 1981); *State v. Webb*, 398 So.2d 820 (Fla. 1981).

"The intent of organic or statutory provisions is .the essence of the law and such intent may be shown by the implications and intendments, as well as by the words of express provisions, and implied

130

provisions of organic or statutory law are as effective as the express provisions, when such implied provisions are judicially declared to exist." (citations omitted) *Getzen v. Sumter County*, 89 Fla. 45, 103 So. 104 (1925).

A reading of Chapter 119, Florida Statutes, in its entirety and considering specifically Section 119.07(3)(d), and its purpose, and Section 119.07(6) makes it clear that the legislature intended that use of the word "appeal" in Section 119.011(3)(d)(2), Florida Statutes, be generic rather than technical, and if not synonymous with "review", then certainly synonymous with "normal judicial review".

Determining just when such review ends may be much more difficult to determine. I understand that the conviction of Dr. Mudd as an accessory to the murder of Abraham Lincoln is still being "appealed" by his descendants. However, this Court is spared that decision at this time because it was agreed that a petition for error coram nobis is currently pending on behalf of these two defendants in the Florida Supreme Court.

It is therefore

ADJUDGED that the investigative file of the Sheriff for Messrs. Jent and Miller need not at this time be released by the Sheriff except to the extent that it has been made a part of court files which have not been specifically closed by order of court. However, any information revealing the identity of a confidential informant or a confidential source (Section 119.07(3)(e), Florida Statutes), any information revealing surveillance techniques or procedures or personnel (Section 119.07(3)(f), Florida Statutes), and any information revealing undercover personnel of any criminal justice agency (Section 119.07(3)(g), Florida Statutes), need not be released by the Sheriff, even if made a part of open court files. Moreover, if any part of the Sheriff's investigative file was furnished by a non-Florida criminal justice agency on a confidential or similarly restricted basis, that material need not be disclosed. (Section 119.072, Florida Statutes)

Furthermore, this Court construes Section 119.07(4), Florida Statutes, to require disclosure of otherwise exempt records only if made part of an open court file, not simply provided as a part of discovery. Not all material provided pursuant to rules of discovery is made a part of an open court file. (See Rule 3.220, Florida Rules of Criminal Procedfure) It clearly appears that in drafting Chapter 119, Florida Statutes, the Florida Legislature was capable of distinguishing between material made a part of an open court file and material disclosed during discovery. (Section 119.07(6), Florida Statutes and Section 119.011(3)(c)(5), Florida Statutes).