Mr. Tom Collins Chief of Police City of Apopka 175 East 5th Street Apopka, Florida 32703
Dear Chief Collins:
You ask substantially the following questions:
1. Is a police officer who is required to maintain a telephone at his home address liable for the monthly charge to the telephone company for not publishing the officer's home telephone number?
2. Does the posting of the police officers' photographs, together with their names and I.D. numbers in the hallway of the police department violate s. 119.07(3)(k), F.S.?
3. May City Hall maintain the names and addresses of law enforcement officers without violating s. 119.07(3)(k), F.S.?
In sum, I am of the opinion:
1. Section 119.07(3)(k), F.S., does not prohibit a telephone company from listing or publishing the name, address, and telephone numbers of those individuals with telephone service even though such individuals may be law enforcement officers. A law enforcement officer wishing to have an unlisted or unpublished telephone number would be responsible for any charges imposed by the telephone company for providing such a service.
2. The purpose of s. 119.07(3)(k), F.S., is to protect the safety of law enforcement officers and their families by removing certain information relating to such individuals from the mandatory disclosure requirements of Ch. 119, F.S. While the statute does not prohibit a police department from posting the names, I.D. numbers, and photographs of its police officers in the hallway of the department for public display, absent a strong public policy for disclosure, such a display would appear to be counter to the purpose of the exemption.
3. While s. 119.07(3)(k), F.S., exempts the addresses, telephone numbers and photographs from the mandatory disclosure requirements of s. 119.07(1)(a), F.S., it does not prohibit the city from maintaining the names and addresses of its law enforcement officers.
Section 119.07(1)(a), F.S., requires the custodian of public records to "permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee." Only those public records which are presently provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, are exempt from the provisions of subsection (1).[1]
Section 119.07(3)(k), F.S., provides such an exemption by stating:
The home addresses, telephone numbers, and photographs of active or former law enforcement personnel . . . whose duties include the investigation of . . . criminal activities; the home addresses, telephone numbers, photographs, and places of employment of the spouses and children of such personnel; and the names and locations of schools and day care facilities attended by the children of such personnel are exempt from the provisions of [s.119.07(1), F.S.].
Question One
Chapter 119, F.S., the Public Records Law, generally ensures the public's access to the records of its governmental agencies. Section 119.07(3)(k), F.S., in providing a specific exemption from the mandatory disclosure provisions of s. 119.07(1), F.S., for certain information relating to law enforcement officers and their families, does not limit the application of the exemption to any specified records.[2] Thus, the exemption afforded by s.119.07(3)(k), F.S., applies to any record subject to disclosure pursuant to Ch. 119, F.S.
Chapter 119, F.S., however, is not generally applicable to private entities unless such an entity is acting on behalf of a governmental agency.[3] Information maintained by the telephone company, therefore, is not normally subject to the provisions of Ch. 119, F.S.[4] Thus, s. 119.07(3)(k), F.S., does not prohibit the disclosure of the name, address, or telephone number of law enforcement officers when such information is maintained by private companies which are not acting on behalf of the public agency.
Section 119.07(3)(k), F.S., therefore, would not appear to preclude a telephone company from publishing the name, address, and telephone numbers of those persons with telephone service even though such individuals may be law enforcement officers. I am not aware of any provision which would exempt a law enforcement officer from the charges normally imposed by the telephone company for providing an unlisted or unpublished telephone number. Thus, should the law enforcement officer wish to remove his name from the telephone directory, he would, in my opinion, be responsible for payment of any charges imposed by the telephone company.[5]
Question Two
Section 119.07(3)(k), F.S., constitutes an exemption to the mandatory disclosure requirements of s. 119.07(1)(a), F.S. Thus, the police department is not required to release the information exempted by s. 119.07(3)(k), F.S. Your question, however, relates not to whether such information relating to law enforcement officers must be disclosed but whether it may be disclosed by the agency head.
An examination of the legislative history surrounding the enactment of s. 119.07(3)(k), F.S., by Ch. 79-187, Laws of Florida, indicates that it was the intent of the Legislature to codify the so-called police secrets rule.[6] While the legislative history reveals little discussion about the purpose of the exemption other than the necessity of removing the information from public access, subsequent amendments to the statute make it clear that the purpose of the exemption is to protect the safety of these individuals and their families.[7]
The legislative history relating to the adoption of Ch. 79-187, Laws of Florida, however, indicates that the Legislature recognized a distinction between the terms "exempt" and "confidential.[8] In addition, the staff analysis of the enabling legislation states that "[i]f the information was confidential it could not be revealed under any circumstances." The distinction between the two terms was clearly recognized: "[T]hus exempt information could be revealed at the discretion of the agency."[9]
Although the Legislature apparently chose to place the release of this information within the discretion of the agency, in light of the underlying purpose of the enactment, i.e., the safety of law enforcement officers and their families, I am of the opinion that the exercise of any such discretion by the agency must be exercised in light of that legislative purpose. Accordingly, in determining whether such information should be disclosed, an agency should determine whether there is a statutory or substantial policy need for disclosure.[10] In the absence of a statutory or other legal duty to be accomplished by disclosure, an agency should consider whether the release of such information is consistent with the purpose of the exemption.
With respect to your inquiry, there does not appear to be any legal requirement for the display of the names, photographs and I.D. numbers in the police station. As noted supra, photographs of law enforcement officers are exempted from the mandatory disclosure requirements of Ch. 119, F.S. As the agency head, you must, therefore, in deciding whether to release such photographs, determine whether there is a strong policy reason or need for the display of such photographs and whether such disclosure is consistent with the intent of the statute which is to protect the safety of such officers and their families.
Thus, I am of the opinion that the purpose of s. 119.07(3)(k), F.S., is to protect the safety of law enforcement officers and their families by removing certain information relating to such individuals from the mandatory disclosure requirements of Ch. 119, F.S. While the statute does not prohibit a police department from posting the names, I.D. numbers, and photographs of its police officers in the hallway of the department for public display, such a display would appear to be counter to the purpose of the exemption unless there is a strong public policy for disclosing this information.
Question Three
You inquire whether it is a violation of s. 119.07(3)(k), F.S., for the municipality to maintain the names and addresses of law enforcement officers. The police department is a department of the city; its officers are city employees. I am not aware of any prohibition in s. 119.07(3)(k), F.S., which would prohibit an agency from access to, and maintaining information on, its employees, including their names and addresses.
Accordingly, I am of the opinion that s. 119.07(3)(k), F.S., is not violated by the city maintaining the names and addresses of its law enforcement officers.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 119.07(3)(a), F.S.
[2] See, Inf. Op. to The Honorable Gerald A. Lewis, February 18, 1980, discussing the broad nature of the term "law enforcement personnel" and concluding in part that the exemption cannot be limited only to records of "criminal justice agencies."
[3] See, Government-in-the-Sunshine Manual, 1990 edition, stating that rather than pointing to one factor which will result in a finding that an agency is acting on behalf of a public agency for purposes of Ch. 119, F.S., it is necessary to review the factors relating to the responsibilities, organization and functioning of the private entity in their totality and not in isolation. The critical factors are whether the private entity has been delegated any governmental responsibilities and functions, whether the entity receives public funds, or whether the private entity participates in the decision-making process.
[4] Cf., s. 166.231, F.S., authorizing a municipality to audit the records of any provider of telecommunications service taxable by such municipality provided that such information provided to the municipality by the telecommunication service provider is exempt from s. 119.07(1), F.S.; and s. 364.183, F.S., providing that the Florida Public Service Commission shall have reasonable access to all telephone company records; however, upon request of the company, the commission shall keep any records it receives from the company which are proprietary confidential business information confidential.
[5] You also inquired about the police department's liability for such charges. Your letter, however, did not provide the circumstances for the payment of such charges by the department. The expenditure of any public funds must primarily be for a public purpose; any private benefit must merely be incidental. See, s. 10, Art. VII, State Const. The determination, however, as to whether the benefit derived from an expenditure is primarily public, as opposed to private, is one which must be made by the public agency in question and cannot be delegated to this office. See, AGO's 88-52, 86-87, and 84-101.
[6] See, Audio tape of hearing of the Senate Committee on Governmental Operations, April 23, 1979, tape 1 of 2. And see, Lee v. Beach Publishing Company, 173 So. 440 (Fla. 1937), and Glow v. State, 319 So.2d 47 (2 D.C.A. Fla., 1975), discussing the "police secrets rule."
[7] See, e.g., Senate Staff Analysis and Economic Impact Statement on SB 665, April 18, 1989, codified as Ch. 89-80, Laws of Florida, which amended s. 119.07(3)(k), F.S., to include certain Department of Health and Rehabilitative Services employees and their families. The staff summaries indicate the need for the exemption of information relating to such employees because "their duties are sometimes very hazardous and similar to those of law enforcement personnel." Cf., s. 119.14(4)(b)2., F.S., of the Open Government Sunset Review Act, which provides for the retention of certain exemptions to Ch. 119, F.S., which "[p]rotects information of a sensitive personal nature concerning individuals, the release of which . . . would jeopardize the safety of such individuals."
[8] See, Audio tape of hearing of the Senate Committee on Governmental Operations, April 23, 1979, tape 1 of 2.
[9] See, Senate Staff Analysis and Economic Impact Statement on HB 1531, April 20, 1979.
[10] See, Inf. Op. to Mr. Lee Reese, April 25, 1989, in which this office concluded that a former law enforcement officer's address could be released for the purpose of serving a subpoena.