Dear Chief Williams:
As Chief of Police for the City of Venice Police Department, you ask substantially the following questions:
1) Who is included within the exemption afforded by section119.071(4)(d)1., Florida Statutes?
2) What limitations are placed upon the chief of police regarding the release of photographs of the police department's law enforcement officers and employees?
Question One
Section 119.071(4)(d)1., Florida Statutes, provides in pertinent part:
"The home addresses, telephone numbers, social security numbers, and photographs of active or former law enforcement personnel, including correctional and correctional probation officers, . . . the home addresses, telephone numbers, social security numbers, photographs, and places of employment of the spouses and children of such personnel; and the names and locations of schools and day care facilities attended by the children of such personnel are exempt from s. 119.07(1)."
The above statute refers to "law enforcement personnel" rather than "law enforcement officer." It does not, however, define the term. In an informal opinion to the Honorable Mary W. Morgan, Supervisor of Elections, dated September 28, 1992, this office reviewed the legislative history of the exemption [then section 119.07(3)(k), Florida Statutes (1991)], in order to construe the term in such a manner as to ascertain and give effect to the legislative purpose.[1] An examination of the legislative history surrounding the enactment of the exemption indicates that the intent of the Legislature was to codify the so-called "police secrets" rule.[2] While the legislative history revealed little discussion regarding the purpose of this exemption other than the necessity of removing the information from public access, subsequent amendments to the statute made it clear that the purpose of the exemption is to protect the safety of the law enforcement personnel and their families.[3]
In the absence of legislative clarification, this office looked to analogous statutes which serve a similar purpose ? the protection of law enforcement personnel. Section 784.07, Florida Statutes, seeks to protect the safety of law enforcement personnel by increasing the penalties for assault and battery against such individuals. "Law enforcement officer" is defined for purposes of this statute to include:
"[A] law enforcement officer, a correctional officer, a correctional probation officer, a part-time law enforcement officer, a part-time correctional officer, an auxiliary law enforcement officer, and an auxiliary correctional officer, as those terms are respectively defined in s. 943.10, and any county probation officer; employee or agent of the Department of Corrections who supervises or provides services to inmates; officer of the Parole Commission; and law enforcement personnel of the Fish and Wildlife Conservation Commission, the Department of Environmental Protection, or the Department of Law Enforcement."
Since both statutes serve a similar purpose or function ?the protection of law enforcement personnel ?and in the absence of any statutory or other commonly accepted definition of the term "law enforcement personnel," this office recommended that agencies faced with implementing the provisions of section 119.07(3)(k) [now section119.071(4)(d)1.], Florida Statutes, consider utilizing the definition contained in section 784.07(1)(a), Florida Statutes, until this matter is clarified by the Legislature.
While the statute has been amended since the 1992 opinion was issued, the reference to law enforcement personnel has not been clarified.[4]
This office is not aware of any decision which would alter the suggestions made in the informal opinion. I would therefore reaffirm the conclusions reached in that opinion. Accordingly, in the absence of legislative clarification, an agency should consider utilizing the definition in section 784.07(1)(a), Florida Statutes. Thus, while the sworn officers of the police department would be included within the exemption, support personnel employed by the police department would not appear to be included.
Question Two
Section 119.071(4)(d)1., Florida Statutes, constitutes an exemption to the mandatory disclosure requirements of section 119.07(1)(a), Florida Statutes, for certain information relating to current or former law enforcement personnel. Thus, the police department is not required to release the information exempted by the statute. Your question, however, relates not to whether such information relating to law enforcement officers must be disclosed, but whether it may be disclosed by the police chief.
As noted in Question One, while the legislative history reveals little discussion about the purpose of the exemption other than the necessity of removing the information from public access, subsequent amendments to the statute make it clear that the purpose of the exemption is to protect the safety of these individuals and their families. The legislative history relating to the adoption of the exemption in 1979, however, indicates that the Legislature recognized a distinction between the terms "exempt" and "confidential."[5] In addition, the staff analysis of the enabling legislation states that "[i]f the information was confidential it could not be revealed under any circumstances." The distinction between the two terms was clearly recognized: "[T]hus exempt information could be revealed at the discretion of the agency."[6]
In considering the issue of when the information exempted by section119.071(4)(d)1., Florida Statutes, may be released, this office in Attorney General Opinion 90-50 stated that although the Legislature apparently chose to place the release of this information within the discretion of the agency, in light of the underlying purpose of the enactment, i.e., the safety of law enforcement officers and their families, the exercise of any such discretion by the agency must be exercised in light of that legislative purpose. Accordingly, in determining whether such information should be disclosed, an agency should determine whether there is a statutory or substantial policy need for disclosure. In the absence of a statutory or other legal duty to be accomplished by disclosure, an agency should consider whether the release of such information is consistent with the purpose of the exemption.[7]
It should be noted, however, that two circuit courts have held that booking photographs of law enforcement officers could not be released when the officer had made a written request that such photograph be kept confidential.[8] In Sarasota Herald-Tribune Company v. Sarasota CountySheriff's Office,[9] the court held that the booking photograph of the Charlotte County deputy sheriff could not be released by the Sarasota County Sheriff's Office when the deputy sheriff had filed a written request for confidentiality pursuant to section 119.071(4)(d)8., Florida Statutes. That section provides:
"An agency that is the custodian of the personal information specified in subparagraph 1., . . . and that is not the employer of the officer, employee, justice, judge, or other person specified in subparagraph 1., subparagraph 2., subparagraph 3., subparagraph 4., subparagraph 5., subparagraph 6., or subparagraph 7. shall maintain the exempt status of the personal information only if the officer, employee, justice, judge, other person, or employing agency of the designated employee submits a written request for maintenance of the exemption to the custodial agency."
Subsequently in Fraternal Order of Police, Consolidated Lodge 5-30,Inc.,[10] the court held that the Duval County sheriff was prohibited from releasing the booking photograph of one of his deputy sheriffs who had been arrested but who had filed a written request to maintain such information as confidential, stating:
"[A] law enforcement agency which arrests one of its own members is required to withhold from public release the officer's address, phone number, social security number, and photograph if the officer makes a written request for such information to be maintained as exempt."
In cases where the provisions of section 119.071(4)(d)8., Florida Statutes, are applicable and the officer has filed a written request to maintain the information as exempt, it may be advisable in light of the above cases to obtain the officer's permission before the release of the photograph.[11]
While section 119.071(4)(d)1., Florida Statutes, makes certain information relating to law enforcement personnel exempt, this office has recognized that the statute does not prohibit a municipality from having access to the names and addresses of the city's law enforcement officers. As the police department is a department of the city and its officers are city employees, this office concluded in Attorney General 90-50 that the statute would not prohibit the city maintaining the names and addresses of its law enforcement officers. Similarly, the statute would not appear to prevent the police department's public information officer from maintaining photographs of the law enforcement officers; however, such records held by city employees in carrying out their official functions would be still subject to the provisions of section119.071(4)(d)1.[12]
For those employees of the police department who are not current or former law enforcement personnel as discussed in the previous question, such employees'
photographs, home addresses or telephone numbers are, in the absence of another applicable statutory exemption, subject to disclosure.[13]
This office has consistently concluded that personnel records of employees paid from public funds or otherwise subject to legislative control are subject to public inspection in the absence of a statutory exemption.[14]
Accordingly, while section 119.071(4)(d)1., Florida Statutes, makes the photographs of law enforcement personnel exempt rather than exempt and confidential, in determining whether such information should be disclosed, you as custodian of the records, or your designee, must determine whether there is a statutory or substantial policy need for disclosure. In the absence of a statutory or other legal duty to be accomplished by disclosure, your agency should consider whether the release of such information is consistent with the purpose of the exemption. The photographs of employees of the department who are not law enforcement personnel, however, would be subject to disclosure in the absence of another statutory exemption. You may wish to discuss this further with the attorney for the police department.
Sincerely,
BM/tjw
[1] See, e.g., In re Order on Prosecution of Criminal Appeals by TenthJudicial Circuit Public Defender, 561 So. 2d 1130 (Fla. 1990) (legislative intent is the polestar by which court must be guided in interpreting statutory provisions).
[2] Chapter 79-187, Laws of Florida. See Audio tape of hearing of theSenate Committee on Governmental Operations, April 23, 1979, tape 1 of2. And see, Lee v. Beach Publishing Company, 173 So. 440 (Fla. 1937), and Glow v. State, 319 So. 2d 47 (Fla. 2nd DCA 1975), discussing the "police secrets rule."
[3] For example, in 1989, the Florida Legislature amended the statute to include certain Department of Health and Rehabilitative Services employees and their families. See Ch. 89-80, Laws of Fla. The legislative history indicates the need to include such employees because "their duties are sometimes very hazardous and similar to those of law enforcement personnel." Senate Staff Analysis and Economic Impact Statement on SB 665 (codified as Ch. 89-80, Laws of Florida), April 18, 1989. Cf., s. 119.15(6)(b)2., Fla. Stat., of the Open Government Sunset Review Act, which provides for the retention of an exemption of Ch. 119, Fla. Stat., which "[p]rotects information of a sensitive personal nature concerning individuals, the release of which . . . would jeopardize the safety of such individuals. However, in exemptions under this subparagraph, only information that would identify the individuals may be exempted[.]
[4] Cf. State ex rel. Szabo Food Services, Inc. of North Carolina v.Dickinson, 286 So. 2d 529 (Fla. 1973) (when the Legislature reenacts a statute, it is presumed to know and adopt the construction placed thereon by the state tax administrators); Cole Vision Corporation, etal. v. Department of Business and Professional Regulation, Board ofOptometry, 688 So. 2d 404 (Fla. 1st DCA 1997).
[5] See Audio tape of hearing of the Senate Committee on Governmental Operations, April 23, 1979, tape 1 of 2.
[6] See Senate Staff Analysis and Economic Impact Statement on HB 1531, April 20, 1979. Cf., Williams v. City of Minneola, 575 So. 2d 683,687 (Fla. 5th DCA 1991), review denied, 589 So. 2d 289 (Fla. 1991),appeal after remand, 619 So. 2d 983 (Fla. 5th DCA 1993) ("There are many situations in which investigators have reasons for displaying information which they have the option not to display."); Op. Att'y Gen. Fla. 96-36 (1996). And see WFTV v. School Board of Seminole County,874 So. 2d 48, 53 (Fla. 5th DCA 2004), review denied, 892 So. 2d 1015 (Fla. 2004), recognizing that there is a difference between records that the Legislature has determined to be exempt from the Public Records Act and those that the Legislature has determined to be exempt from the Florida Public Records Act and confidential; if information is made confidential in the statutes, the information is not subject to inspection by the public and may only be released to the persons or organizations designated in the statute.
[7] For example, in an informal opinion to Chief Lee Reese, Lake Worth Police Department, dated April 25, 1989, this office stated that the personnel files of the City of Lake Worth Police Department which revealed the home addresses of former law enforcement personnel could be disclosed to the State Attorney's Office for the purpose of serving criminal witness subpoenas by mail pursuant to s. 48.031, Fla. Stat.
[8] In Attorney General Opinion 94-90, this office advised that the exemption afforded by s. 119.071(4)(d)1. [then s. 119.07(3)(k)1.], Fla. Stat., did not exempt from disclosure booking photographs of law enforcement personnel who had been arrested and who were not undercover personnel whose identity would otherwise be protected under s.119.07(4)(c), Fla. Stat., since the exemption afforded by s.119.071(4)(d)1. concerned records related to the officer's employment with the agency.
[9] Case No. 96-1026-CA-01 (Fla. 12th Jud. Cir., Sarasota County, March 13, 1996).
[10] Case No. 2000?718-CA (Fla. 4th Jud. Cir., Duval County, December 21, 2001).
[11] See generally Op. Att'y Gen. Fla. 04-20 (2004) stating that a property appraiser is precluded by s. 119.07(3)(i) [now s.119.071(4)(d)8.], Fla. Stat., from making the technology available to the public that would enable a user to view a map on the Internet showing the physical location of a law enforcement officer's home, even though this map does not contain the actual home address of the law enforcement officer's property, if the property appraiser has received a written request for confidentiality from that officer.
[12] Regarding your question involving delegation of the chief of police's authority over public records, I would generally note that section 119.011(5), Florida Statutes, defines "Custodian of public records" to mean "the elected or appointed state, county, or municipal officer charged with the responsibility of maintaining the office having public records, or his or her designee." (e.s.)
[13] And see s. 119.071(4)(a)1., Fla. Stat., stating that "the social security numbers of all current and former agency employees which numbers are contained in agency employment records are exempt from s.119.07(1) and s. 24(a), Art. I of the State Constitution.?
[14] See, e.g., Ops. Att'y Gen. Fla. 75-8 (1975) (general personnel records are subject to Ch. 119, Fla. Stat.), 73-51 (1973) (personnel records of civil service employees may not be maintained under two headings, one open and one confidential), and 73-30 (1973) (records of salaries paid to assistant state attorneys are open to public inspection). And see Op. Att'y Gen. Fla. 96-88 (1996) stating that the home addresses and telephone numbers and business addresses and telephone numbers of members of the state and district human rights advocacy committees are public records.