L. L. LEE, CITY MANAGER, City of Miami, *et al.,* v. BEACH
PUBLISHING COMPANY.

173 So. 440.
Opinion Filed March 29, 1937.

*J. W. Watson, Jr.,* and *Abe Aronovitz,* for Appellants;
*Miller & Harris,* for Appellee.

BUFORD, J.—On appeal we review final decree and permanent injunction.

Bill of complaint was filed to enjoin the named defendants, the City Manager, the Director of Public Safety, the Chief of Police and Chief of Detectives and the Police Department of the City of Miami, Florida, individually and as officers of the Department of Police of the City of Miami.

It was sought by the bill to procure a decree enjoining and restraining the defendant from interfering with the agents and servants of the complainant in the gathering of

news of general public interest for publication in the complainant's newspaper, including taking pictures for publication, and inspecting the police records. The bill prayed for mandatory injunction, as follows:

"That this Court, after a hearing, issue a mandatory injunction to said defendants herein named, as and constituting the city officials of the City of Miami, directly in the control and supervision of the City Police Department of the City of Miami, Florida, requiring them to keep open for inspection of this plaintiff, its agents, servants and employees, all books and records of the offices of the Police Department of the City of Miami, Florida, during the business hours of said office;

"That this Court in its order provide and require that the defendants herein, as officials of the Police Department of the City of Miami, Florida, instruct and direct all members of said Police Department and employed by the City of Miami, as policemen and officers of its Police Department, to refrain and abate in destroying and injuring the property of the plaintiff herein as aforesaid, unless the said property is being used in an unlawful manner, subject to the jurisdiction of the defendants as police officials of the City of Miami, Florida, a municipal corporation;

"That this Court, in its order enjoin the defendants herein from destroying and injuring the property of the plaintiff, as aforesaid."

Answer was filed but the answer was evasive and did not deny the commission of the acts alleged in the bill of complaint but denied that such acts were unlawfully committed or that they were committed with the knowledge and consent theretofore given by the defendants, or it sought to justify the acts complained of.

The final decree held the answer insufficient, and properly

so. The final decree, after holding the answer insufficient, and reciting that the defendants having expressed no desire to amend their said answer, thereupon ordered, adjudged and decreed as follows:

"That the answer of the defendants filed herein on February 17, 1936, be and the same is hereby found to be insufficient as a defense to Plaintiff's Bill of Complaint and not amendable;

"It Is Further Ordered, Adjudged and Decreed that the motion of the plaintiff for a decree on the Bill of Complaint and the answer be and the same is hereby granted;

"That the temporary restraining order heretofore entered herein on the 28th day of January, A. D. 1936, now appearing of record in Chancery Order Book 380 at page 445 of the Public Records of Dade County, Florida, and served upon the defendants on January 29, 1936, be and the same is hereby made permanent and perpetual, except as the same is hereby and herein changed or modified;

"It Is Further Ordered, Adjudged and Decreed that the defendants, L. L. Lee, City Manager of the City of Miami, Florida; A. J. Kavanaugh, Director of Public Safety of the City of Miami, Florida; W. J. McCarthy, Chief of Police of the City of Miami, Florida; L. O. Scarboro, Chief of Detectives of the Police Department of the City of Miami, Florida, individually and as officers of the Department of Police of the City of Miami, Florida, a municipal corporation organized and existing under the laws of the State of Florida, be and each of them is hereby permanently and perpetually enjoined and restrained from the further unlawful destruction or damaging of the cameras and camera equipment of the plaintiff while the same is being used by any of the reporters, photographers, em-

ployees and servants of the plaintiff while obtaining photographic news of general public interest;

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendants be, and each of them is hereby permanently and perpetually enjoined and restrained from any illegal interference with or the prevention of the photographers, reporters, agents or employees of the Beach Publishing Company, plaintiff herein, from legally and lawfully gathering news, or the making of photographs for the printing, publishing and dissemination in the public Press;

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendants be, and each of them is hereby permanently and perpetually enjoined and restrained from the closing of the books and records of the Police Department of the City of Miami, in violation of Section 94 of the Charter of the City of Miami, Florida, a municipal corporation, to the inspection of the reporters, cameramen, employees and servants of the plaintiff, Beach Publishing Company, subject to the proper rules and regulations made on or before January 29, 1936, for the efficient conduct of the business of said Police Department of the City of Miami, Florida."

Section 94 of the Charter of the City of Miami provides as follows:

"Except where otherwise provided by general law or this charter, all public offices shall be kept open for business every day except Sundays and legal holidays at least from 8:30 o'clock in the forenoon until 5 o'clock in the afternoon, and all books and records of every office and department shall be opened to the inspection of any citizen at any time during the business hours subject to the proper rules and regulations for the efficient conduct of the business of such department or office."

The appellant contends that there are certain records in

the Police Department of a city which must be kept secret and free from common inspection as a matter of public policy. This is true. The rule as stated in 23 R. C. L. 161, is as follows:

"The right of inspection does not extend to all public records or documents, for public safety demands that some of them, although of a public nature, must be kept secret and free from common inspection, such for example as diplomatic correspondence and letters and despatches in the detective police service or otherwise relating to the apprehension and prosecution of criminals."

We do not construe the decree appealed from so as to violate the rule above stated. The order only restrains the defendants "from the *illegal* interference with or the prevention of the photographers, reporters, agents or employees of the Beach Publishing Company, plaintiffs herein, from *legally* and *lawfully* gathering news, or the making of photographs for the printing, publishing and dissemination in the public press;" and further, "from the closing of the books and records of the Police Department of the City of Miami in *violation of* Section 94 of the Charter of the City of Miami, Florida, a municipal corporation, to an inspection of the reporters, cameramen, employees, and servants of the plaintiff, Beach Publishing Company, subject to the proper rules and regulations made on or before January 29, 1936, for the efficient conduct of the business of said Police Department of the City of Miami, Florida."

So it is that in the order appealed from we find that the Chancellor in terms so cast the order as to protect the rights and privileges of the Police Department and at the same time to preserve and protect the rights and privilege of the complainants and their agents and servants in carrying on

the lawful business of lawfully gathering and disseminating news of general interest to the public.

So the decree should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, TERRELL, BROWN and DAVIS, J. J., concur.