290 So.2d 543 (1974)
Sidney GETTER, Appellant,
v.
Barry YANKS et al., Appellees.
No. 73-1262.
District Court of Appeal of Florida, Third District.
February 26, 1974.
Bernstein, Robrish & Harrington, Coconut Grove, for appellant.
Milton E. Grusmark, Miami Beach, for Barry Yanks and Stuyvesant Ins. Co.
S. Strome Maxwell, Tallahassee, for Thomas D. O'Malley, as State Treasurer and Ins. Commissioner and Dept. of Ins. of Fla.
Before PEARSON, CARROLL and HENDRY, JJ.
HENDRY, Judge.
By this interlocutory appeal, the appellant, plaintiff in the trial court, seeks review of an order denying his motion to compel discovery.
Appellant filed a complaint against defendants Yanks and the Stuyvesant Insurance Company, alleging, inter alia, an intentional interference with an advantageous business relationship. Thereafter, the appellant issued a subpoena duces tecum to the Office of the State Insurance Commissioner, the Honorable Thomas D. O'Malley, specifically seeking the production *544 of a notice of termination filed by the defendants with the Commissioner. This notice related to the termination of plaintiff's employment as a limited surety agent with the defendants. The Commissioner's office declined to furnish the document, giving as its reason that the document is privileged. Appellant filed a motion to compel discovery, which the court denied. This appeal followed.
Appellant has presented two points on appeal: first, that the trial court erred in finding the notice of termination privileged under Fla. Stat. § 648.39(3), F.S.A. under the facts of the instant case; and second, that the said statute as applied in this case is unconstitutional in that it violates his right to earn a living which is protected by the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.
Since appellant's second point raises a constitutional issue, we reach that point first. Appellant argues that Section 648.39(3) violates his right to earn a living as guaranteed by the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution. However, the statute does not affect the certificate of qualification or competency to become a licensed limited surety agent in Florida. As we understand the notice of termination, it simply represents the termination of the private employer-employee relationship between the insurance company and the limited surety agents. It does not affect the agent's right to obtain another company to underwrite his bonds. Therefore, the Department of Insurance has not revoked the appellant's certificate of qualification or competency, and we cannot see merit to his contention that he has been deprived of the right to earn a living.
We have determined that the trial court was correct in finding the notice of termination privileged by virtue of the terms of Section 648.39(3). The statute provides:
"(3) An insurer terminating the appointment of a limited surety agent shall, within thirty days after such termination, file written notice thereof with the department, together with a statement that it has given or mailed notice to the limited surety agent. Such notice filed with the department shall state the reasons, if any, for such termination. Information so furnished the department shall be privileged and shall not be used as evidence in or basis for any action against the insurer or any of its representatives."
The court read the statute in pari materia with Fla. Stat. § 119.07(2)(a), F.S.A., which exempts certain records from inspection by the public when so provided by the Legislature.
Chapter 648, entitled "Regulation of Bail Bondsmen and Runners," vests authority in the Insurance Commissioner to regulate the activities of bail bondsmen in this state. Undoubtedly, it was the intent of the Legislature to foster the performance of the Commissioner's investigative duties by enactment of Section 648.39(3).
Sound public policy dictates that in certain instances public records are privileged, even where such records would serve private litigants in a civil case, as in the instant case. Widener v. Croft, Fla.App. 1966, 184 So.2d 444; see also, Lee v. Beach Pub. Co., 1937, 127 Fla. 600, 173 So. 440.
Therefore, for the reasons stated and upon the authorities cited, the order appealed is affirmed.
Affirmed.