302 So.2d 174 (1974)
GANNETT CO., INC., d/b/a Fort Myers News-Press, Appellant,
v.
George GOLDTRAP et al., Appellees.
No. 74-99.
District Court of Appeal of Florida, Second District.
October 25, 1974.
*175 Steven Carta of Smith, Seals & Carta, Fort Myers, for appellant.
James T. Humphrey, County Atty., Fort Myers, for appellees.
GRIMES, Judge.
Appellant sought the issuance of an alternative writ of mandamus against the County Commissioners of Lee County and the County Administrator commanding them to allow the inspection of a written appraisal report obtained by the County in connection with negotiations for the proposed acquisition of property for a landfill site. Appellant contended that the appraisal report consisted of a public record which must be opened for the personal inspection of any citizen of Florida under § 119.01, F.S.A. The court below denied the petition.
At oral argument, counsel for the appellant conceded that the disclosure of the contents of the appraisal during the negotiations would be harmful to the County, but argued that this was irrelevant under the statute. We agree on both points.
There can be no doubt that the written appraisal report falls within the scope of "public records" as defined in § 119.011(1), F.S.A. There is nothing in the statute to warrant the conclusion expressed by the judge that the appraisal would not become a "public record" until the transaction had been completed.
In State ex rel. Copeland v. Cartwright, 1972, 38 F. Supp. 6, the circuit court held that a site plan review prepared for a public building project should be open for public inspection under the statute irrespective of its preliminary character. See also AGO 072-63, in which the Attorney General expressed the opinion that appraisal reports made for a public body in connection with land acquisitions are public records even during the period of negotiation.
Having determined the appraisal to be a public record, there remains only the question of whether it falls within the exemption of § 119.07(2), F.S.A. Since the appraisal report is not protected from disclosure by statute and could not be considered to be confidential under common law, it is not exempt. Therefore, the document must be made available for inspection to the general public.
Reversed.
HOBSON, A.C.J., and BERANEK, JOHN R., Associate Judge, concur.