QUESTIONS:
1. Does the holding of Wisher v. News-Press Publishing Co.,310 So.2d 345 (2 D.C.A. Fla., 1975), extend to exempt applications for employment of municipal department heads from the requirements of Ch. 119, F. S., the Public Records Law?
2. Do discussions of the applicants by preassigned number in a public meeting violate s. 286.011, F. S., the Government-in-the-Sunshine Law?
3. Does a clause contained in a collective bargaining agreement which permits personnel records of police officers to be kept confidential except upon legal process or with the consent of the employee violate Ch. 119?
SUMMARY:
Unless and until judicially determined to the contrary, applications for the position of municipal department head are public records, within the meaning of s. 119.011(1), F. S., which must be produced for inspection and examination by any person.
A state or local agency or official subject to Ch. 119, F. S., is not empowered to promise an applicant for the position of municipal department head that his application will be kept confidential or otherwise be exempted from the operation of s.119.01 or s. 119.07(1).
The use of preassigned numbers or codes at public meetings in order to avoid the identification of persons who have applied for the position of municipal department head, violates the Sunshine Law, s. 286.011, F. S.
Neither a public employer nor a duly executed collective bargaining agreement between a public employer and its employees may validly make the personnel records of public employees confidential or except the same from s. 119.07(1), F. S.
According to your letter, the city administration is concerned about the proper procedures to be employed in conducting the appointive or selection process for city department heads. Under the charter of the city, appointment of department heads is the responsibility of the city council following a recommendation from the city manager. Some applicants for such positions have requested that their names not be made public unless their application is under final consideration. In order to comply with this request, numbers would be assigned to each application for preliminary review. Copies of the applications would be provided to members of the city council for review.
The policy of the city administration is to narrow an applicant list down to three to five applicants and conduct interviews and at that point disclose publicly the applicants who are part of the final selection process.
AS TO QUESTION 1:
Subsequent to the receipt of your request for an opinion, the Supreme Court of Florida quashed the decision of the District Court of Appeal, Second District, in Wisher v. News-Press Publishing Co., 310 So.2d 345 (2 D.C.A. Fla., 1975). See
News-Press Publishing Co. v. Wisher, (Fla. 1977), Case No. 47,088, opinion filed February 25, 1977 (petition for rehearing and clarification pending). However, in quashing the decision of the Second District Court of Appeal, the court declined to rule on the broad policy question of general access to the personnel files of public employees presented by the case, i.e., whether the judiciary possesses the authority to determine what records are `deemed by law' to be confidential as a matter of public policy for the purposes of the Public Records Law, and instead confined the opinion to the narrow issue of whether documents authored and discussed by a public body acting in an open public meeting are exempted from the operation of the Public Records Law. Compare s.119.07(2)(a), F. S. 1967, which read, in pertinent part, `[a]ll public records which presently are deemed by law to be confidential or which are prohibited from being inspected by the public whether by general or special acts of the legislature . . .' and s. 4, Ch. 75-225, Laws of Florida, amending s.119.07(2)(a), which now states in pertinent part, `[a]ll public records which presently are provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law . . . .' (Emphasis supplied.)
However, in the case of applications for positions in the public employ, the Legislature in 1975 specifically amended s.119.011(2), F. S., at s. 3, Ch. 75-225, Laws of Florida, by redefining the term `agency' to include public or private agencies or persons acting on behalf of a public agency in an attempt to insure that applications for public employment such as those here under consideration would be available for public inspection and examination under the Public Records Law regardless of whether they were received by a public board or an individual or group acting on behalf of the public board. This amendment was in response to the decision of the District Court of Appeal, First District, in State ex rel. Tindell v. Sharp, 300 So.2d 750 (1 D.C.A. Fla., 1974), in which the court held, among other things, that the personal files, papers, and the work product of an independent contractor-consultant employed by a school board to seek out suitable prospects for recommendation to the school board for its consideration for the vacant position of school superintendent were not subject to s. 119.01, F. S.
In light of the legislative and judicial history of s. 119.011(2), F. S., I do not believe that either the Second District Court of Appeal's decision in Wisher v. News-Press Publishing Co.310 So.2d 345 (2 D.C.A. Fla., 1975), or the Supreme Court's decision in News-Press Publishing Co. v. Wisher, supra, quashing the Second District Court of Appeal decision, is applicable to applications for positions of municipal department heads. The Second District Court of Appeal's decision did not deal with such applications but was concerned instead with the confidentiality of the personnel files of public employees or a county department head. The Supreme Court's decision in Wisher, supra, did not pass upon such applications but dealt with documents authored by, and discussed, acted, and voted upon in, an open public meeting, which documents it held to be nonexempt from disclosure.
The 1975 Amendments to the Public Records Law evidence a legislative declaration of general state policy in favor of access to all state, county and municipal records. See s. 2, Ch. 75-225, Laws of Florida, stating that `[i]t is the policy of the state that all state, county, and municipal records shall at all times be open for a personal inspection by any person,' and s. 3, Ch.75-225, which amended the definition of `agency' at s. 119.011(3), F. S., in an attempt to insure that certain records of public or private agencies, persons, partnerships, corporations, or business entities acting on behalf of public agencies would be subject to public inspection, examination, and copying. Moreover, it can be persuasively argued that the amendment to s. 119.07(2)(a), found at s. 4, Ch. 75-225, and set forth, supra, should be construed as a legislative mandate that only records made confidential by general or special law are intended to be excluded from the operation of s. 119.07(1), F. S.
Additionally, in State ex rel. Cummer v. Pace, 159 So. 679, 681
(Fla. 1935), the court held that
 . . . where the Legislature has preserved no exception to the provisions of the statute [C.G.L. 490, from which s. 119.01, F. S. is derived], the courts are without legal sanction to raise such exceptions by implication; that policy of state statutes being a matter for the Legislature and not the judiciary to determine. (Emphasis supplied.)
State ex rel. Cummer v. Pace, supra, was found by the Supreme Court to be in conflict with Wisher v. News-Press Publishing Company, 310 So.2d 345 (2 D.C.A. Fla., 1975), and was not receded from in the court's decision in News-Press Publishing Co. v. Wisher, supra. Under the rule expressio unius est exclusioalterius, s. 119.07(2)(a), F. S., operates on those things enumerated or expressly mentioned and excludes from its operation all things not expressly mentioned. Thayer v. State of Florida,335 So.2d 815, 817 (Fla. 1976); Interlachen Lakes Estates, Inc. v. R. Snyder, Jr., 304 So.2d 433, 434 (Fla. 1974); Dobbs v. Sea Isle Hotel, et al., 56 So.2d 341, 342 (Fla. 1952); and cf. State exrel. Cummer v. Pace, supra. It was on the basis of this familiar rule of statutory construction that the court in Caswell v. Manhattan Fire and Marine Ins. Co., 399 F.2d 417, 425 (5th Cir. 1969), refused to infer an exception to Ch. 119, F. S., for investigative reports of the State Fire Marshal, stating:
 The Florida legislature has chosen to grant a privilege from public disclosure of some records of state agencies.
 The legislature has accorded no such privileged status to investigation reports of the State Fire Marshal. . . . No section contains even a hint that the reports are privileged. In light of the existence of specific statutory privileges for reports of other state agencies, we conclude the Florida legislature has chosen not to confer such status on reports of the Fire Marshal.
 The Courts have recognized that public policy may require restrictions on the right to inspect public records. See Patterson v. Tribune Co., 146 So.2d 623 (Fla.App. 1962).
 While certain records of the Fire Marshal may be analogous to investigative police reports, the Florida courts have not extended the public policy exception to the Fire Marshal's records.
 In the absence of statutory privilege, and in light of a general policy favoring public inspection of government records, we conclude the district court erred. . . .
The Legislature has seen fit to create well over one hundred express statutory exceptions to Ch. 119, but, in so doing, has not created an exception for the records here under consideration. To the contrary, the Legislature has acted affirmatively to broaden s. 119.011(2), F. S., in an attempt to, among other things, make certain records of `search committees' composed of private or public professionals, hired or appointed or employed in order to make recommendations concerning positions in the public employ, public records. Also see Gannett Co. Inc. v. Goldtrap,302 So.2d 174 (2 D.C.A. Fla., 1974), holding that a preliminary land appraisal report obtained by a county in connection with negotiations for the proposed acquisition of a landfill site was a `public record' and not exempt by virtue of s. 119.07(2), F. S., notwithstanding that premature disclosure of the report would be harmful to the county and citing with approval AGO 072-63 to like effect.
In AGO 071-394 this office first expressed the view that a person who sends an application to a public body may not make such application confidential by labeling it as such. To allow such a procedure would permit private persons to exempt documents from Ch. 119, F. S., thereby defeating the intent of s. 119.07(2)(a), as amended, that the prerogative of designating a document confidential and excepting it from the Public Records Law belongs exclusively to the Legislature. The New York Court of Appeals, facing a similar question, stated:
 But it is said that the papers sought to be inspected are private and confidential, and hence do not fall within the purview of the statute. As to this argument, it is to be observed, in the first place, that a person who sends a communication to a public officer, relative to the public business, cannot make his communication private and confidential simply by labeling it as such. The law determines its character, not the will of the sender . . . . It is true that a disclosure of the objections . . . may restrain objectors from writing thus freely to similar boards in the future; but if such is a consequence of complying with the plain command of a statute it must be endured. [Egan v. Board of Water Supply, 98 N.E. 467, 470 (N.Y.C.A. 1912).]
See also the following cases decided under the Federal Freedom of Information Act, 5 U.S.C. § 552, to like effect: Ackerley v. Ley,420 F.2d 1336, 1339-1340, n. 3; Robles v. Environmental Protection Agency, 484 F.2d 843 (4th Cir. 1974); Petkas v. Staats,501 F.2d 887 (D.C. Cir. 1974); Legal Aid Society of Alameda County v. Schultz, 349 F. Supp. 771 (D.C. Cal. 1972).
Accordingly, unless and until judicially determined that applications for public employment are privileged as a matter of `public policy' notwithstanding ss. 2, 3, and 4 of Ch. 75-225, Laws of Florida, a state or local agency or official subject to Ch. 119, F. S., would not be empowered to promise an applicant for the position of department head that his application would be kept confidential or exempt any such application from the operation of s. 119.01 or s. 119.07(1), since the Legislature has required that such application be made available for public inspection and examination. To permit such a practice would allow public officials to do indirectly that which they are prohibited from doing directly and would be contrary to the clear intent of Ch. 119, as amended. Cf. I.D.S. Properties, Inc. v. Town of Palm Beach, 279 So.2d 353 (4 D.C.A. Fla., 1973).
AS TO QUESTION 2:
In News-Press Publishing Co. v. Wisher, supra, the Supreme Court discussed the procedure utilized by the Lee County Commission in reprimanding a department head and declared that such circumvention of s. 286.011, F. S., cannot be tolerated.
 . . . The policy of this state expressed in the public records law and the open meeting statute eliminate any notion that the commission was free to conduct the county's personnel business by pseudonyms or cloaked references. We cannot allow the purpose of our statutes to be thwarted by such obvious ruses. . . . (Emphasis supplied.)
Similarly, to permit discussions of applicants for the position of a municipal department head by a preassigned number or other coded identification in order to keep the public from knowing the identities of such applicants and to exclude the public from the appointive or selection process would clearly frustrate or defeat the purpose of the Sunshine Law. The use of preassigned numbers or codes at public meetings in order to avoid identification of applicants for the position of a municipal department head would violate the Sunshine Law, s. 286.011, F. S. Accord: Marks v. Broward County School Board, 26 Fla. Supp. 175, 179 (17th Jud. Cir., 1971); AGO's 073-264 and 073-344. To the extent AGO 071-58 is in conflict with this response, it is hereby receded from.
AS TO QUESTION 3:
This question involves a relatively simple issue, whether a public body and a private group can by agreement adopt or make an exemption from ss. 119.01 and 119.07(1), F. S. Cf. s. 447.605(3), F. S., exempting all work products developed by the public employer in preparation for negotiations and during negotiations from Ch. 119, F. S. No other collective bargaining documents or records or agreements are exempted from, or made confidential under, Ch. 119.
While the Supreme Court in News-Press Publishing Co. v. Wisher,supra, declined to discuss the broad policy issues of a court's power to imply exceptions to s. 119.01 and 119.07(1), F. S., previous decisions of the Supreme Court have indicated that only the Legislature has the power to except documents from the Public Records Law, e.g., see Cummer v. Pace, 159 So. 679 (Fla. 1935). Unless and until these decisions are expressly receded from by the Supreme Court of Florida, or the court in the future rules that personnel records of public employees are confidential as a matter of public policy, thus `provided by law to be confidential' within the purview of s. 119.07(2)(a), F. S. (s. 4, Ch. 75-225, Laws of Florida), I am of the view that a public employer, or a duly executed collective bargaining agreement between a public employer and its employees, may not validly make the personnel records of public employees confidential or except or exempt the same from the Public Records Law. If the police officers in question believe that public access to certain of their personnel records without their consent would violate some applicable and material provision of a duly adopted or executed collective bargaining agreement or their privacy rights, an action for declaratory judgment under Ch. 86, F. S., could be brought in the appropriate circuit court in order to adjudicate their rights under Ch. 119, F. S., and such collective bargaining agreement.
Prepared by: Sharyn L. Smith Assistant Attorney General