QUESTION:
Are papers and applications of tenants addressed to and in the possession of the Housing Authority of the City of Miami Beach public records which must be produced for inspection and examination pursuant to s. 119.07(1), F. S.?
SUMMARY:
Tenant applications and accompanying and related documents, letters, papers, and the like received by a housing authority in connection with the transaction of its official business are public records within the purview of the Public Records Law and must be made available for personal inspection and examination by any person at reasonable times, under reasonable conditions, and under the supervision of a public custodian of such records.
Florida's Public Records Law, Ch. 119, F. S., provides at s.119.07(1):
 Every person who has custody of public records shall permit the records to be inspected and examined by any person desiring to do so, at reasonable times, under reasonable conditions, and under supervision by the custodian of the records or his designee. The custodian shall furnish copies or certified copies of the records upon payment of fees as prescribed by law, or, if fees are not prescribed by law, upon payment of the actual cost of duplication of the copies . . . .
For the purpose of Ch. 119, F. S., agency is defined by s.119.011(2) to include:
 . . . any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law and any other public or private agency, person, partnership, corporation, or business entity acting in behalf of any public agency.
It seems clear that the authority is subject to s. 119.07(1), F. S., as both an `authority' and a `separate unit of government created or established by law.' See s. 421.04, F. S., creating municipal housing authorities, and s. 421.08, F. S., relating to the constitution and powers of the authorities as public bodies corporate and politic (or governmental agencies).
Section 119.011(1), F. S., defines public records to include all documents, papers, or letters made or received pursuant to law or in connection with the transaction of official business by any governmental agency. Clearly the tenant applications and accompanying and related documents, letters and papers constitute public records within the purview of s. 119.07(1), F. S. Since tenant applications and accompanying documents and papers are made and received in connection with the transaction of official business by the housing authority, and as such are `public records' as defined at s. 119.011(1), it must now be determined whether such applications and accompanying and related documents, letters, and papers are exempt or excepted from the mandatory inspection provisions of s. 119.07(1).
Section 119.07(2)(a), F. S., states:
 All public records which presently are provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, shall be exempt from the provisions of subsection (1). (Emphasis supplied.)
I am unaware of any statute presently in existence which purports to make tenant applications and accompanying or related documents and records submitted to the authority confidential or prohibits their inspection and examination by any person. Accordingly, under the clear and unambiguous terms of the statute, tenant applications and accompanying or related documents and records are public records within the purview of the Public Records Law and must be made available for personal inspection and examination by any person desiring to do so at reasonable times, under reasonable conditions, and under the supervision of the custodian of such records or his designee.
However, notwithstanding s. 119.07(1), F. S., it has been submitted that the records in question should be kept confidential consistent with `public policy' and so as not to violate any federal constitutional privacy rights of applicants or tenants or potential tenants of the housing authority.
Regarding the first of these contentions, I do not believe that this office has the power to imply or write into the statutes a `public policy' exception to s. 119.07(1), F. S., in the face of prior judicial decisions and the 1975 amendments to Ch. 119, F. S., Ch. 75-225, Laws of Florida. In State ex rel. Cummer v. Pace,159 So. 679, 681 (Fla. 1935), the court held that
 . . . where the Legislature has preserved no exception to the provisions of the statute [C. G. L. 490, from which s. 119.01, F. S., is derived], the courts are without legal sanction to raise such exceptions by implication; the policy of state statutes being a matter for the Legislature and not the judiciary to determine. (Emphasis supplied.)
This decision was found by the Supreme Court to be in conflict with Wisher v. Ft. Myers News Press, 310 So.2d 345 (2 D.C.A. Fla., 1975), holding, inter alia, that public policy dictates that public employee personnel records be deemed confidential in order to protect public employees' right of privacy with respect to such records, notwithstanding the absence of a statute exempting the same from Ch. 119; and was not receded from in the court's decision in News-Press Publishing Co. v. Wisher, (Fla. 1977), case no. 47,088, opinion filed February 25, 1977, quashing the decision of the Second District Court of Appeal. Unless and until Pace,supra, is overruled or modified by the Supreme Court, it remains the law of this state and must be followed by this office. See
United States Steel Corp. v. Save Sand Key, Inc., 303 So.2d 9
(Fla. 1974), and AGO 077-48 concluding in part that applications for position of a municipal department head are public records, that a state or local official is without authority to promise an applicant for such position that his application will be kept confidential or exempted from s. 119.01 or s. 119.07(1), and that neither a public employer nor a collective bargaining agreement between the employer and its employees may validly make personnel records confidential or excepted from s. 119.07(1).
Moreover, it is doubtful that such a `public policy' exception could be judicially inferred, because of the existence of s.119.01, F. S., 1975, which constitutes a general legislative statement of public policy that `. . . all state, county, and municipal records shall at all times be open for a personal inspection by any person,' and s. 119.07(2)(a), F. S. 1975, providing that records provided by law to be confidential or which are prohibited from being inspected by general or special law are exempted from s. 119.07(1), F. S. Sections 119.01 and119.07(2)(a), F. S., were amended after litigation was initiated in Wisher v. Ft. Myers News Press, supra.
I also do not believe that the constitutional right of privacy extends to documents such as applications for tenancy and accompanying and related documents and papers in the possession of a housing authority. The parameters of this federal right were discussed in Laird v. State, U.S. Sup.Ct. Case No. 48,889, filed February 10, 1977. Simply stated, this federal privacy right does not extend to financial or other similar information or data which normally would be required to be disclosed in a housing application form. Also see Industrial Foundation of the South v. Texas Industrial Accident Board, 540 S.W.2d 688 (Tex. 1976).
No opinion is expressed as to the applicability of any federal laws to this question. Such an inquiry should be directed to the federal agency or agencies involved in administering applicable federal housing laws. Additionally, no opinion is expressed as to the applicability of any Dade County Charter provisions or ordinances to this issue. If such a response is desired, the inquiry should be initially directed to the office of the Dade County attorney. It should also be noted that the housing authority is a governmental agency or unit of government created and established and organized and existing under the laws of Florida, ss. 421.04, 421.05, and 421.08, F. S., and controlled and regulated by the laws of Florida and not the federal laws or the ordinances of Dade County.
Prepared by: Sharyn L. Smith Assistant Attorney General