McNULTY, JOSEPH P. (Ret.), Associate Judge.
Petitioner/defendant, City of Tampa, seeks a writ of common law certiorari to review an order granting respondent/plaintiff’s discovery motion for production of certain records. We grant the writ.
By her second amended complaint respondent Clara J. Harold sued petitioner alleging a breach of a pension contract entered into by petitioner and respondent’s deceased husband, Mangle 0. Harold, a fireman employed by petitioner for more than ten years prior to his death on October 31,1974. Respondent’s complaint further alleged that all provisions of the pension contract had been performed by both her and her deceased husband and that her claim for pension benefits had been denied by petitioner.
Petitioner answered by denying respondent’s entitlement to widow’s pension benefits and by raising as an affirmative defense that respondent had caused the death of her deceased husband by unlawful homicide.
The trial of this cause was set for March 21, 1977 by joint motion of the parties. On March 3, 1977, counsel for respondent/plaintiff filed a motion seeking an order of the court requiring petitioner/defendant “to produce and to permit the Plaintiff, and/or her attorney or agent, to inspect, copy and/or photograph, each of the following documents:
“The homicide report and all other reports pertaining to Mangle O. Harold.” The only ground alleged by the motion to support discovery of these items was that they constitute or contain evidence relevant and material to matters involved in this action.
A hearing was held on March 16, 1977, which culminated in the order under review, entered on March 17, 1977 granting respondent’s motion to produce and ordering the petitioner to produce said reports on or before 9:30 a.m. Friday, March 18, 1977.
We are of the view that the order in question constitutes an abuse of the trial *946 court’s discretion and departs from the essential requirements of the law to the irreparable harm of petitioner.
First, it is clear that police reports are not public records within the meaning of Section 119.01, Florida Statutes (1975) and thus need not be held open at all times for personal inspection by any person.[1] Police reports are ordinarily confidential.
Further, petitioner raised its claim of privilege of confidentiality of police reports below, imposing a burden on respondent of showing that the matters she sought to discover were not in fact so privileged.[2] We believe that respondent failed to meet her burden of showing a need for discovery of the aforesaid homicide report and other police reports, sufficient to outweigh the strong public policy reasons[3] for keeping police reports confidential. We note that the record reflects that respondent waited until only 18 days remained prior to trial to commence her discovery by filing the aforesaid motion, which is extremely broad in its scope (“all reports”) and, further, very nonspecific as to the ground upon which said discovery was sought (“evidence relevant and material”).
In State v. Johnson;[4] a criminal case, the supreme court held that police reports could be produced and used in evidence only in a rather restrictive sense and outlined the criteria governing such production or use. “It depends, as we have said, upon 1) being critical 2) upon a material and vital point 3) reasonably exculpatory of defendant within sound judicial discretion, and 4) after ‘in camera’ review and deletion of any improper matter.”[5]
In light of the foregoing, it is our view that the order herein under review is much too broad in its scope and we reverse and remand. Upon remand the respondent will have the opportunity of meeting her burden of showing the requisite necessity for compromising the confidentiality of the police reports that she seeks to discover. Furthermore, if respondent meets her burden of demonstrating the necessity for production, then the trial court should conduct an in camera inspection and review of the reports so that any matters not proper or appropriate for discovery may be deleted.
In the interest of smoothing out proceedings on remand, we here parenthetically reject petitioner’s additional argument that these police reports were work product and thus privileged and not subject to discovery in any manner. Police reports which are made in routine investigation after a death, and admittedly not made with regard to the preparation for trial of any pending litigation (i.e., not made with regard to this cause), do not constitute work product.[6]
In view whereof, we issue our writ of certiorari, reverse the order herein under review and remand for further proceedings not inconsistent herewith.
SCHEB, Acting C. J., and OTT, J., concur.

. See Glow v. State, 319 So.2d 47 (Fla.2d DCA 1975).

. See Leithauser v. Harrison, 168 So.2d 95 (Fla.2d DCA 1964).

. Cf. Glow v. State, supra, n. 1.

. 284 So.2d 198 (Fla.1973).

. Id. at 201.

. See Nationwide Insurance Company v. Monroe, 276 So.2d 547 (Fla.2d DCA 1973), cert. denied, 283 So.2d 366 (Fla.1973).