364 So.2d 763 (1978)
Mary Ann ROSE, Appellant,
v.
Joseph P. D'ALESSANDRO, State Attorney Twentieth Judicial Circuit, Appellee.
No. 77-2053.
District Court of Appeal of Florida, Second District.
October 6, 1978.
Rehearing Denied November 27, 1978.
*764 James R. Long, Ft. Myers, for appellant.
Joseph P. D'Alessandro, State's Atty., Louis S. St. Laurent, Chief Asst. State's Atty., and Radford Sturgis, Asst. State's Atty., Ft. Myers, for appellee.
OTT, Judge.
The appellee state attorney received either oral or written sworn accusations or allegations from one or more persons charging appellant with destruction of surveyor's stakes. In due course, the appellee advised that no criminal charges or proceedings would be instituted against the appellant.
Thereafter, appellant demanded that appellee furnish a certified copy of any affidavit, sworn complaint, allegation, or charge received by him. Upon appellee's refusal to do so, appellant sued to secure an order that such are open to public examination, inspection and copying as a "public record" pursuant to the provisions of Section 119.07, Florida Statutes (Supp. 1978). The trial court entered judgment for appellee on the pleadings. We affirm.
We hold that while statements, allegations, charges, complaints or affidavits taken or received by the state attorney in the discharge of his investigatory duties are or may be "public records" for certain purposes, they are not open for public view or subject to the provisions of Section 119.07, Florida Statutes, unless made so by subsequent developments.
Section 119.07, Florida Statutes is the statutory provision governing the "inspection and examination of records" and "exemptions." The statute provides in relevant part:
119.07 Inspection and examination of records; exemptions:

(1) Every person who has custody of public records shall permit the records to be inspected and examined by any person desiring to do so, at reasonable times, under reasonable conditions, and under supervision by the custodian of the records or his designee. The custodian shall furnish copies or certified copies of the records upon payment of fees as prescribed by law or, if fees are not prescribed by law, upon payment of the actual cost of duplication of the copies. Unless otherwise provided by law, the fees to be charged for duplication of public records shall be collected, deposited, and accounted for in the manner prescribed for other operating funds of the agency.
(2)(a) All public records which presently are provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, shall be exempt from the provisions of subsection (1).
(b) All public records referred to in ss. 198.09, 199.222, 228.093, 228.075, 624.311(2), 624.319(3) and (4), 657.061(3), 658.10(3), and 794.03, are exempt from the provisions of subsection (1).
Appellant contends that (1) should govern since none of the exemptions "provided by law" in (2)(a) and (b) are applicable. We disagree. In 1976 Op. Att'y Gen. Fla. 076-156 (August 10, 1976) it was stated:
The investigatory records and materials compiled by the State Attorney's Office prior to the trial of a criminal case pursuant to its statutory investigatory or prosecutorial duties, §§ 27.02, 27.03, 27.04, 27.255, F.S., are confidential pursuant to *765 the "police secrets" rule and therefore exempted from public inspection under the Public Records Law (Ch. 119, F.S.), prior to and following prosecution and final judgment unless such information or materials become a part of the public record of a trial where such records and materials contain information which, if released publicly, would burden effective law enforcement. The "police secrets" rule does not exempt records such as arrest records, autopsy reports, business records, copies of informations and indictments, and the like. These records are public records subject to public inspection under Ch. 119, F.S., unless a specific exemption exists by statute.
Clearly, this pronouncement of the attorney general suggests the critical importance of keeping such documents confidential. If this were not the case, the investigative process of state attorneys and law enforcement entities generally would be severely disrupted; people would never give statements if they were not to be held in confidence. There is no question but that the state attorney's processes and products of investigation have historically been considered immune from public disclosure or inspection. It is the public that is protected by such a policy.
The 1973 Op. Att'y Gen. Fla. 073-166 (May 17, 1973) ruled that:
[R]ecords of the internal investigation unit which involve an investigation of criminal activity would be confidential. However, to the extent that such records simply involve office or personnel matters not reasonably related to the investigation of a crime, the records are public records and must be made available for public inspection.
The case law is replete with statements indicating that not all public records or documents are open to public inspection. In Vogel v. Gruaz, 110 U.S. 311, 315, 4 S.Ct. 12, 14, 28 L.Ed. 158, 160 (1884) the Court stated:
[I]t was the province and the privilege of any person who knew of facts tending to show the commission of a crime, to lay those facts before the public officer whose duty it was to commence a prosecution for the crime. Public policy will protect all such communications absolutely, and without reference to the motive or intent of the informer or the question of probable cause; ... .
In Lee v. Beach Pub. Co., 127 Fla. 600, 173 So. 440 (1937) the court stated:
`The right of inspection does not extend to all public records or documents, for public policy demands that some of them, although of a public nature, must be kept secret and free from common inspection, such for example as, ... relating to the apprehension and prosecution of criminals.'
173 So. at 442 quoting 23 R.C.L. 161. In Patterson v. The Tribune Co., 146 So.2d 623, 626 (Fla.2d DCA 1962) the court stated:
Generally public records are subject to the right of inspection and publication; but this right does not apply to all public records since public policy requires that some of them, although of a public nature, be kept secret and free from public inspection.
In Getter v. Yanks, 290 So.2d 543, 544 (Fla.3d DCA 1974) the court stated:
Sound public policy dictates that in certain instances public records are privileged, even where such records would serve private litigants in a civil case, as in the instant case.
None of the above cases are squarely on point factually with the instant case. However, they strongly suggest the result we reach.
Appellant contends that the recent case of State ex rel. Veale v. City of Boca Raton, 353 So.2d 1194 (Fla.4th DCA 1977) is authority for its argument. We disagree. In Veale a report was prepared by an assistant city attorney at the direction of the city council. This was an investigative report delving into suspected irregularities in the city's building department. The Fourth District Court of Appeal held that the report was not one "provided by law" to be confidential and hence was subject to disclosure as a public record. The court relied *766 upon Section 119.07(2)(a), Florida Statutes (discussed above) as authority. That investigative police reports are exempt was admitted by the Veale court. 353 So.2d at 1197, n. 1.
We find no error in the action of the trial court and its decision, therefore, is affirmed.
HOBSON, Acting C.J., and PIERCE, WILLIAM C., J. (Ret.), concur.