SCHWARTZ, Judge.
The petitioner City of Miami Beach is the defendant below in a cause brought by the present respondent, Jacquelyn Town. The complaint sought to restrain the city from violating Town’s constitutional rights through what she alleges is the unlawful practice of infiltrating undercover agents onto her premises where the Ethiopian Zion Coptic Church apparently conducts its affairs.[1] In this proceeding, the city seeks review, by petition for writ of common law certiorari, of an order overruling its objections and requiring answers to several questions asked by the plaintiff of a Miami Beach police sergeant at his deposition.
We conclude that certiorari must be granted as to the following question:
“Q. Is there anyone in there at the present time that is there at your behest, that is, the Miami Beach Police behest, such as Pemberton?” [2] [e. s.]
It is obvious that this question concerns an allegedly on-going police investigation, and that any answer may serve not only to compromise the investigation, but also to cause actual physical danger to those involved. Our courts have rightly recognized and enforced a strong public policy in favor *867 of the confidentiality of such information.[3] See Lee v. Beach Publishing Co., 127 Fla. 600, 173 So. 440 (1937); Rose v. D’Alessandro, 364 So.2d 763 (Fla. 2d DCA 1978); City of Tampa v. Harold, 352 So.2d 944 (Fla. 2d DCA 1977); Getter v. Yanks, 290 So.2d 543 (Fla. 3d DCA 1974); Widener v. Croft, 184 So.2d 444 (Fla. 4th DCA 1966), cert. denied, 192 So.2d 486 (Fla.1966). In the absence of a clear showing of necessity, which the respondent did not make below, see City of Tampa v. Harold, supra, the vindication of this policy requires the quashal of that portion of the order under review which required that this question be answered.
As to the other questions considered in the order below, the petition is denied. Again without passing on the merits of the issues involved,[4] we conclude that compliance with those portions of the order would effect no substantial injury on the city. We therefore decline to invoke our discretionary authority to review them on petition for certiorari. See Suez Co. v. Hodgins, 137 So.2d 231 (Fla. 3d DCA 1962).
Certiorari granted in part, denied in part.

. We express no opinion as to the validity of this claim, since the action of the trial judge in denying the city’s motion to dismiss the complaint is not before us.

. Pemberton was a person who had allegedly been retained in the past by Miami Beach, but who had been discovered (and converted) by the Coptics.

. Since no documents were ordered produced, neither the Public Records Act, Chap. 119, Fla. Stat. (1978), nor the recent amendment to the act effected by Chapter 79-187, Fla. Laws (1979) is directly pertinent at this stage of the proceedings.

. See note 1, supra.