Edward B. Knapp Director of Administration Pembroke Pines Police Department Pembroke Pines
QUESTIONS:
1. Are police crime and arrest reports which relate to ongoing, active cases exempt from the provisions of the public records law?
2. Are police crime and arrest reports which relate to inactive cases which have been closed for lack of probable cause or because the victim does not wish to prosecute exempt from the provisions of the Public Records Law?
3. If requested, must the custodian of a public record which is not exempt from the Public Records Law furnish the requestor with a copy of the public record, or is permitting the inspection of the record all that is required?
SUMMARY:
Police crime and arrest reports are public records subject to public inspection as provided in s. 119.07(1), F. S., and the custodian of public records must supply copies of any public record under his control upon payment of fees as set out in the Public Records Law.
AS TO QUESTIONS 1 and 2:
As your first two questions are interrelated, they will be discussed together.
Florida has had a Public Records Law since at least 1909. See
ch. 5942, 1909, Laws of Florida, providing that `all State, county and municipal records shall at all times be open for a personal inspection of any citizen . . . .' While this statutory language clearly provided that `all' records be open for inspection, the common law has long recognized that public policy considerations necessitate that certain records not be open for public inspection. Thus, in the case of Lee v. Beach Publishing Co.,173 So. 440 (Fla. 1937), the Florida Supreme Court quoted the general rule to the effect that
 `[t]he right of inspection does not extend to all public records or documents, for public policy demands that some of them, although of a public nature, must be kept secret and free from common inspection, such for example as diplomatic correspondence and letters and despatches in the detective police service or otherwise relating to the apprehension and prosecution of criminals.'
173 So. at 442. Cf. Petition of Kilgore, 65 So.2d 30 (Fla. 1953), and Widener v. Croft, 184 So.2d 444 (4 D.C.A. Fla., 1966).
This statement from the Lee case gave birth to what has become known in the common law as the Police Secrets Rule. Generally speaking, that rule recognizes that certain police records are too sensitive to be made public and will therefore be exempt from public inspection. See Lee, supra, and AGO 057-157. This judicially created exemption has its limitations, however, and has never been used to restrict such police records as crime and arrest reports from being publicly inspected. See, e.g., AGO's 057-157, 072-168, 076-156, and 077-125.
In 1967 the Legislature added s. 119.07, F. S., to the Public Records Law. See s. 7, ch. 67-125, Laws of Florida. That section effectuates the policy of the law by providing that `[e]very person having custody of public records shall permit them to be inspected and examined at reasonable times and under his supervision by any person . . . .' See s. 7(1), ch. 67-125. This same section of the law went on, however, to exempt certain public records from the inspection provisions by providing that `[a]ll public records which presently and deemed by law to be confidential or which are prohibited from being inspected by the public . . . shall be exempt from the provisions of this section.' (Emphasis supplied.) See s. 7(2)(1), ch. 67-125. Focusing on the language `deemed by law to be confidential,' the Second District Court of Appeal in the case of Wisher v. News-Press Publishing Co., 310 So.2d 345 (2 D.C.A. Fla., 1975), rev'd., 345 So.2d 646
(Fla. 1977), construed this section as exempting from inspection not only those records made confidential by statutory law but also those records deemed confidential or privileged only by judicial decision.
While this decision seemed consistent with previous court cases which had held that some records not exempted from public inspection by a specific provision of statutory law could nevertheless be exempt if it was in the interest of public policy, the Legislature objected to this judicial construction of s.119.07, F. S. Consequently, it amended the law in 1975 by changing the language `deemed by law to be confidential' to read `provided by law to be confidential.' See s. 4, ch. 75-225, Laws of Florida. In Wait v. Florida Power and Light Co., 372 So.2d 420 (Fla. 1979), the Florida Supreme Court held that this intentional change in language was meant to clarify that the only exemptions to the Public Records Law are those provided by statutory law. As the court stated, `[i]f the common law privileges are to be included as exemptions, it is up to the legislature, and not this Court, to amend the statute.' 372 So.2d 424. The Wait decision meant, of course, that the continued efficacy of the Police Secrets Rule, with its common-law heritage, was in considerable doubt. Reacting to this uncertainty, the Legislature amended the Public Records Law during the 1979 session to provide a statutory basis for exempting certain police records from public inspection. See
ch. 79-187, Laws of Florida.
The 1979 amendment to the Public Records Law expressly exempts from the disclosural provisions of s. 119.07(1), F. S., certain records and information in the possession of a criminal justice agency. Among the records and information so exempted from public inspection are the identity of confidential sources (s.119.07(3)(e)); information concerning surveillance techniques or procedures or personnel (s. 119.07(3)(f)); information revealing a criminal justice agency's undercover personnel (s. 119.07(3)(g)); the identity of a victim of a sexual battery or child abuse (s.119.07(3)(h); the personal assets of the victim of a crime which are unrelated to that crime (s. 119.07(3)(i)); all criminal intelligence and investigative information received by a criminal justice agency prior to January 25, 1979 (s. 119.07(3)(j)); and the home address, telephone number, and photograph of any law enforcement personnel and his spouse and children (s.119.07(3)(k)). The foregoing information is confidential and not subject to public inspection wherever it may be found. I would note that s. 119.07(2)(a) provides that, when a public record contains some information which is not open to public inspection, the custodian of that record is responsible for deleting or excising only those portions which are confidential and producing the remainder of the record for inspection. Consequently, should any of the foregoing information be contained in a record which is otherwise open to public inspection, it should be excised from the record; the record then should be held open for inspection.
The 1979 amendment also exempts from the disclosural provisions of the Public Records Law active criminal intelligence information and active criminal investigative information. See s. 2, ch. 79-187, Laws of Florida, codified as s. 119.07(3)(d), F. S. Criminal intelligence information is defined as `information with respect to an identifiable person or group of persons collected by a criminal justice agency in an effort to anticipate, prevent, or monitor possible criminal activity.' (Emphasis supplied.) Section119.011(3)(a), F. S. To be considered `active,' criminal intelligence information must relate to `intelligence gathering conducted with a reasonable, good faith belief that it will lead to detection of ongoing or reasonably anticipated criminal activities.' Section 119.011(3)(d)1. Criminal investigative information is defined as `information with respect to an identifiable person or group of persons compiled by a criminal justice agency in the course of conducting a criminalinvestigation of a specific act or omission, including, but not limited to, information derived from laboratory tests, reports of investigators or informants, or any type of surveillance.' (Emphasis supplied.) Section 119.011(3)(b). To be considered `active,' such information must relate to `an ongoing investigation which is continuing with a reasonable, good faith anticipation of securing an arrest or prosecution in the foreseeable future.' Section 119.011(3)(d)2. In addition, criminal intelligence and investigative information is to be considered `active' while directly related to a pending prosecution or appeal. Section 119.011(3)(d).
In light of the history of the common-law Police Secrets Rule and the recent amendments to the Public Records Law, you have asked whether police crime and arrest reports, while active or after the cases to which they pertain have been closed, are subject to public inspection or whether they should be considered exempt from the disclosural provisions of the Public Records Law. I must begin by reiterating what was said earlier to the effect that, even under the common law, crime and arrest reports generally were held to be public records subject to public inspection. In view of this, you are really asking whether the Legislature, in creating a statutory basis for confidentiality of certain police records, intended to extend that confidentiality to crime and arrest reports. If any uncertainty exists with respect to whether such records should be made available to the public, I am constrained to resolve such doubt in favor of public access. See AGO's 080-57 and 079-75 and the cases cited therein.
The Public Records Law nowhere expressly exempts or refers to `police crime and arrest reports.' The only exemption which could even arguably include such reports is the one found in s.119.07(3)(d), F. S., which relates to active criminal intelligence and investigative information. It is my view, however, that neither criminal intelligence information nor criminal investigative information includes crime and arrest reports. To begin with, criminal intelligence information, unlike crime and arrest reports, does not relate to any actual crime which has been committed, but rather relates to intelligence information collected generally in an effort to anticipate criminal activity. Thus, crime and arrest reports, because they clearly relate tospecific criminal acts or omissions, could not be considered criminal intelligence information. Neither, in my opinion, could they be considered criminal investigative information. This is because, as I conceive of the investigative process, the crime report initiates the investigation while the arrest report is merely the fruit of its labor. In other words, the criminal investigation is what occurs after the crime report is filed andterminates in the arrest of a suspect. Thus, a report filed before the investigative process actually begins or after it has concluded could not be considered criminal investigative
information. Supporting this view is the explicit statement in s.119.011(3)(c), F. S., that criminal intelligence and investigative information is not to be construed as including such things as the time, date, location, and nature of a reported crime; the name, sex, age, and address of a person arrested or of the victim of a crime except as provided in s. 119.07(3)(h); the time, date, and location of the incident and of the arrest; and the crime charged. I realize that crime and arrest report forms are not standardized, but the specific items mentioned in s. 119.011(3)(c) appear to constitute a fairly succinct outline of the type of information which one would expect to find in them.
As I am of the view that crime and arrest reports are not exempt from the inspection provisions of the Public Records Law, it is irrelevant whether such reports relate to active, ongoing cases or whether the cases to which they relate have been closed for whatever reason. Relative to the issue of active or inactive files, it is only active criminal intelligence or investigative information — as defined and delimited by the provisions of s.119.011(3), F. S. — which is exempt from the Public Records Law; and, since crime and arrest reports are to be considered neither criminal intelligence nor criminal investigative information, their status as active or inactive is immaterial.
AS TO QUESTION 3:
The Public Records Law expressly requires the custodian of public records to furnish copies or certified copies of any public record under his control upon payment of fees as prescribed by law. See
s. 119.07(1)(a), F. S. If no fee is prescribed by law, the custodian may charge a fee equal to the actual cost of duplication.
Prepared by: Percy W. Mallison, Jr., Assistant Attorney General